30938. PAUL v. PAUL.

GUNTER, Justice.

This is the second appeal in this case to this court. In *Paul v. Paul,* 235 Ga. 382 (219 SE2d 736) (1975), we reversed the trial court which had held that the written alimony agreement was too vague and indefinite to form a basis for holding the husband in contempt of court. We remanded the case to the trial court for determination of the amount due under the agreement. The trial judge, upon remand, determined the amount due under the agreement and rendered judgment in favor of the former wife in that amount plus additional amounts for attorney fees and expenses of litigation.

The former husband has appealed and contends that the evidence in the record failed to disclose an accurate and concise basis upon which the trial judge could

accurately determine the amount due under the agreement. We have reviewed the record, and this contention is without merit.

The second contention is that the trial court erroneously assessed attorney fees and expenses of litigation against the appellant. His argument is that he refused to pay the additional alimony called for by the agreement on the ground that Paragraph 4 of the agreement was too vague and indefinite to form a basis for requiring payment of such additional amount; that the trial court, in its first judgment that was reversed on appeal, agreed with appellant and declined to require such payment; and that in this situation, though the trial judge and the appellant were declared to be wrong on appeal, he cannot be required to pay appellee's attorney fees and expenses of litigation.

Code Ann. § 30-219 provides that in contempt cases for failure to pay alimony the trial judge may award attorney fees if it is found that the husband has failed to pay the alimony awarded against him "for no justifiable reason." In this case whether additional alimony was due the former wife depended upon a judicial construction of the agreement between them. The trial court construed the agreement in favor of the former husband, but this court, on appeal, construed the agreement in favor of the former wife. In this situation we think that there was "justifiable reason" for the husband to decline to pay the additional alimony pending a final judicial construction of the agreement. Therefore, he should not be liable for the attorney fees incurred by the wife in procuring a determination of this justiciable issue between them.

With respect to the expenses of litigation issue, Code Ann. § 24-3401 provides that in civil cases the losing party shall be liable for court costs. Code Ann. § 24-3410 provides that costs of court that are taxed against a party shall be included in the judgment against the losing party. We therefore conclude that the trial judge properly taxed the costs in this case.

The judgment below is affirmed with direction that the award of attorney fees contained in the judgment be written off or eliminated from the judgment upon remand.

*Judgment affirmed with direction. All the Justices*

*concur, except Ingram, J., who concurs in the judgment only.*

ARGUED MARCH 15, 1976 — DECIDED APRIL 20, 1976.

*Jack Paller,* for appellant.
*William H. Cooper, Jr.,* for appellee.