## 32724. SWINSON v. SWINSON.

NICHOLS, Chief Justice.

This is an appeal from an order finding appellant in contempt of a divorce decree entered between the parties for failure to pay medical bills, back alimony and child support payments and improperly deducting from the proceeds of the sale of the home before making the 50-50 division as provided for in the agreement of the parties.

1. The first enumeration of error contends the trial court erred in ordering appellant to pay the entire medical expense incurred when he had paid part of it at the time of the hearing. Appellant does not contend that he is not

subject to contempt, but only that the court ordered him to pay an amount greater than the indebtedness. We agree with appellant's contention; therefore, the trial court is ordered upon the return of the remittitur from this court to amend its order to reflect the actual amount shown to be unpaid.

2. The second and third enumerations of error contend the trial court erred in its interpretation of paragraph three of the agreement between the parties and in ordering him to pay appellee $4,338.32 as representing the wife's 50 percent equity in the property. Paragraph three of the agreement provided in part: "Any liens or indebtedness or fi. fa.'s arising out of any transaction or sources not directly incident to ownership of the property, on the Husband's part, shall be either satisfied separately by him or shall be deducted from his portion of the proceeds pursuant to paragraph 7." Paragraph seven provided that the net proceeds from the sale of the property would be divided one-half to the husband and one-half to the wife.

The appellant had made a second mortgage loan in connection with his practice of dentistry. When the property was sold, the outstanding balance was deducted from the proceeds. The court found that this was not a lien or indebtedness "directly incident to the ownership of the property" and therefore should not have been charged to the appellee.

The second mortgage and deed to secure debt was made in 1973, known to the wife and listed as an outstanding debt in her answer and counterclaim in the divorce action filed by the husband. The agreement did not provide that the husband would satisfy this indebtedness out of his separate funds and since it was a cloud on the title and an "indebtedness, arising out of or being incident to the ownership of the property and which constitutes liens on the property," it should have been satisfied out of the proceeds of the sale.

Paragraph two of the agreement provided that the husband would keep all secured indebtedness current and paragraph eight provided that the wife would pay all utilities incurred after August 11, 1976. At the time of the sale there was $2,633.60 of accumulated past-due

mortgage payments and $155.11 in unpaid utility bills. The trial court gave the wife credit for the amount that would have gone to reduce the principal, thus charging the wife with one-half the interest included in the past-due payments. The husband was obligated to keep the mortgage payments current and had he done so, he could not claim credit for the interest at the time of the sale. Therefore, the wife should have been given credit for the full amount of the past-due payments deducted from the proceeds of the sale less the amount of the past-due utility bills. The trial court is directed to recompute the amount due the wife in accordance with this opinion.

*Judgment reversed with direction. All the Justices concur, except Hill, J., who dissents.*

ARGUED SEPTEMBER 20, 1977 — DECIDED OCTOBER 24, 1977.

*Alfred John Chabior,* for appellant.
*Araguel, Sanders & Carter, Patrick J. Araguel, Jr.,* for appellee.