## 33499. SWINSON v. SWINSON.

MARSHALL, Justice.

1. The initial question in this case concerns the amount due the appellee former wife as one half of the net proceeds from the sale of the marital residence. In an earlier appearance of the case (*Swinson v. Swinson,* 240 Ga. 31 (239 SE2d 359) (1977)), we remanded the case to the trial court with the direction that the court recompute the amount due the wife as follows: we ordered a second mortgage on the property obtained by the husband to be satisfied out of the entire proceeds of the sale rather than charged solely to the husband; we ordered that the wife be given credit for $2,633.60 in accumulated past-due mortgage payments, which the husband was required to pay; and we ordered the credit given the wife for past-due mortgage payments to be deducted in the amount of $155.11 in unpaid utility bills, which she was required to pay.

On remand, the trial court found that by deducting the amount due under the second mortgage from the proceeds of the sale, there was left a balance of zero dollars as proceeds of the sale. In this initial computation, the trial court fell into error. Actually, the proceeds of the sale

were insufficient to satisfy the second mortgage, and there remained a deficiency of $2,221.12. After giving the wife credit for $2,633.60 in mortgage payments less $155.11 in utility bills, there would then remain a balance of $257.67, which would have been the net proceeds of the sale had both parties made the payments required of them. The husband should have been ordered to pay the wife $128.68 as one half of these net proceeds, rather than the $2,478.79 ordered by the trial court.

2. In the final enumeration of error, the appellant argues that a bona fide dispute as to the interpretation of the agreement (incorporated into the divorce decree) gave him a "justifiable reason" within the meaning of Code Ann. § 30-219 for failing to pay the wife any sums as proceeds from the sale of the marital residence. Citing *Paul v. Paul,* 236 Ga. 692 (225 SE2d 45) (1976), the appellant argues that attorney fees are not, therefore, awardable in this contempt proceeding.

In *Evans v. Evans,* 242 Ga. 57 (1978), we have recently held that the provisions of Code Ann. § 30-219, requiring the trial court in contempt proceedings to award attorney fees in a minimum amount of $25 to the wife if the husband has failed to pay the alimony awarded against him for no justifiable reason, have been repealed by implication by Code Ann. § 30-202.1 (Ga. L. 1977, p. 312), providing that the grant of attorney fees in alimony contempt cases shall be within the sound discretion of the trial court.

Therefore, the question now is whether, under all the facts and circumstances of the case, the trial court abused its discretion in the award of attorney fees. Given the posture of this case, we do not reach that question. Since we have held in Division 1, supra, that the husband's alimony obligation to the wife is $128.68, rather than the $2,478.79 found by the trial court, we find it necessary to reverse the attorney fee award also. On remand the trial judge will be authorized in his discretion to determine what attorney fees, if any, should be paid the wife.

*Judgment reversed and remanded. All the Justices concur, except Hill, J., who concurs in the judgment only.*

ARGUED MAY 8, 1978 — DECIDED OCTOBER 4, 1978.

*Alfred John Chabior,* for appellant.

*Araguel, Sanders, Smith & Carter, Patrick J. Araguel, Jr., William Leonard, Jr.,* for appellee.