### 75134. IN RE OLLIFF.
(363 SE2d 158)

DEEN, Presiding Judge.

Mattie Olliff brings this appeal from the trial court's denial of her application for expenses and attorney fees filed pursuant to OCGA § 29-5-13.

The appellant, now 89 years old, was 81 when her husband died. He alone managed their property, business and all other financial arrangements. Upon his death, Mattie Olliff had no comprehension of the extent and value of the estate, nor, by her own admission, was she capable of managing her own affairs. Mr. Olliff died intestate and

Larry Brown, a long-time friend of the Olliffs, was appointed co-administrator of the estate, and Mattie granted him an unlimited power of attorney over her property and assets. Once he was given the power of attorney, Brown had many of her assets transferred into his name alone or into joint accounts. In April of 1985, accountants hired by Mattie's relatives discovered that over $590,000 was deposited and disbursed through Brown's account with the Sea Island Bank, an amount vastly disproportionate to the amount of reported income earned by Brown during the period of time he handled Mattie's affairs.

Believing that Brown was converting Mattie's assets for his own benefit and fearing that Mattie's depleted finances would render her incapable of supporting herself, relatives filed a petition for guardianship questioning her competence in handling her own affairs on March 23, 1984, in the Bulloch County Probate Court. The court found no evidence of incompetence and dismissed the petition. The appellees then appealed to the superior court. The jury verdict found that Mattie did not need a guardian. Subsequently, Mattie filed an application for expenses and attorney fees in which she claimed that she incurred nearly $20,000 in expenses and $97,000 in attorney fees defending herself against the petition for guardianship. The court found that no evidence was presented at the hearing on the application and denied it. The sole enumeration of error on appeal goes to the denial of her application. *Held*:

"The general rule is that expenses of litigation, including [attorney] fees, are not recoverable by a litigant against the opposite party except in those cases which are specifically provided for by contract or by statute." *Hickman v. Frazier*, 128 Ga. App. 552 (1) (197 SE2d 441) (1973); e.g., *Harrison v. Harrison*, 208 Ga. 70 (1) (65 SE2d 173) (1951); *Kilmark v. Bd. of Regents*, 175 Ga. App. 857 (5) (334 SE2d 890) (1985); OCGA § 9-15-14. In support of her claim respondent relies on the provisions of OCGA § 29-5-13 (a): "The amounts actually necessary or requisite to defray the expenses of any hearing held under this chapter [providing for guardians of incapacitated adults] . . . shall be paid: . . . (2) [b]y the petitioner if no guardianship is ordered. . . ." In my view, the "expenses" referred to in OCGA § 29-5-13 (a) are not expenses of litigation but, rather, are tantamount to "costs" incurred in a judicial proceeding brought pursuant to OCGA Ch. 29-5. Cf. *Bowers v. Fulton County*, 227 Ga. 814 (1) (183 SE2d 347) (1971). See generally *Royal Fin. Co. v. Knipher*, 106 Ga. App. 712 (127 SE2d 922) (1962). In enacting this chapter, the General Assembly provided for payment of a sum certain plus expenses "to an attorney *appointed* to represent an allegedly incapacitated person . . ." as an item of such "expenses." (Emphasis supplied.) OCGA § 29-5-13 (e). It could have, but did not, authorize payment of attorney

fees as expenses of litigation incurred by privately employed counsel. See *Strickland v. Williams*, 234 Ga. 752 (3) (218 SE2d 8) (1975); see also *Peacock v. Adams*, 230 Ga. 774 (2) (199 SE2d 254) (1973); *Johnson v. G. A. B. Business Svcs.*, 170 Ga. App. 686 (1) (318 SE2d 78) (1984). Therefore, respondent's application for attorney fees was properly denied. Accord *In re Graham*, 136 Fla. 20 (186 S 202) (1939).

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED NOVEMBER 3, 1987 —
REHEARING DENIED NOVEMBER 16, 1987 —

*Gerald M. Edenfield, James B. Franklin, Michael J. Classens*, for appellant.

*I. Gregory Hodges, Wendy W. Williamson*, for appellee.