A95A0547. In re CONNELL.
(457 SE2d 832)

Pope, Presiding Judge.

The Carmicals filed a petition in the DeKalb County Probate Court seeking the appointment of a guardian over the person and property of Mrs. Carmical's mother, Mrs. Connell. The probate court appointed counsel to represent Mrs. Connell and to serve as her guardian ad litem. Subsequently, Mrs. Connell privately retained her own counsel. Before any hearing, the Carmicals filed a motion to dismiss their guardianship petition. The probate court granted the Carmicals' motion. Thereafter, Mrs. Connell filed a motion for costs pursuant to OCGA § 29-5-13 (a) (2). Therein, she requested that the probate court order the Carmicals to pay the costs and expenses associated with the filing of their petition, including the fees of the court-appointed counsel and guardian ad litem. Mrs. Connell appeals from the probate court's denial of her motion for costs. We reverse.

The Carmicals argue that they are not responsible for any costs or expenses in this case because they dismissed their petition before there was an adjudication on the merits as to Mrs. Connell's mental capacity. We reject this argument. Under OCGA § 29-5-13 (a) (2), the expenses associated with the filing of a petition for guardianship shall be borne "[b]y the petitioner[s] if no guardianship is ordered. . . ." This is true regardless of whether an adjudication on the merits of the case takes place or not. To hold otherwise would be to encourage the filing of frivolous guardianship petitions. Thus, we conclude that the probate court erred in failing to order the Carmicals to pay the expenses associated with the filing of their petition.

We note that the expenses referred to above "are not expenses of litigation but, rather, are tantamount to 'costs' incurred in a judicial proceeding brought pursuant to OCGA Ch. 29-5. [Cits.]" *In re Olliff*, 184 Ga. App. 846, 847 (363 SE2d 158) (1987). Such costs or expenses do not include the fees of Mrs. Connell's privately retained attorney. Id. at 847-848. They do, however, include, among other things, the actual expenses of her court-appointed attorney, and her guardian ad litem's fee. Id. at 847. See OCGA § 29-5-13 (e) and (f).

Consequently, we reverse the probate court's denial of Mrs. Con-

nell's motion for costs, and we remand this case to the probate court for a determination as to the amount of costs and expenses for which the Carmicals are responsible.

*Judgment reversed and remanded with instruction. Beasley, C. J., and Ruffin, J., concur.*

DECIDED JUNE 1, 1995.

*David Paul Pollan*, for appellant.
*C. Alan Mullinax, Karen S. Byers*, for appellee.