## S04F2118. NGUYEN v. DINH.
### (608 SE2d 211)

CARLEY, Justice.

Tam Nguyen (Husband) filed for divorce, and Dung Dinh (Wife) answered and counterclaimed. After a bench trial, the trial court entered a final decree which, in material part, awarded her custody of their young daughter and which permanently restrained him from any contact with her that was unconnected with the child. Husband applied for a discretionary appeal, which was granted in accordance with the pilot project currently in effect for domestic cases.

1. Husband urges that the evidence does not authorize an award of custody to Wife. Where, as here, divorcing parents contest the issue of custody, the interest of the child is paramount and the trial court is vested with broad discretion in determining which parent can best serve that interest. *Urquhart v. Urquhart*, 272 Ga. 548, 549 (1) (533 SE2d 80) (2000). In this case, the trial court was presented with evidence, including the report of a guardian ad litem and the testimony of a psychologist, which authorized a finding that awarding Wife custody was in the child's best interest. Because there was evidence to support the finding, the trial court did not abuse its discretion. *Urquhart v. Urquhart*, supra at 550 (1).

2. Husband asserts that the trial court erred in requiring that he pay the fees of the guardian ad litem and the psychologist. OCGA § 9-11-54 (d) provides that, when no express statutory provision exists, costs are to be awarded to the prevailing party in a civil action, "unless the court otherwise directs[.]" That statute applies in divorce cases. See *Paul v. Paul*, 236 Ga. 692, 693 (225 SE2d 45) (1976). In such actions, the trial court has broad discretion to award the costs. See *Johnson v. Johnson*, 260 Ga. 443, 444 (396 SE2d 234) (1990). There is no requirement that, in exercising its discretion in making such an award, the trial court consider the parties' relative financial circumstances. Compare OCGA § 19-6-2 (a) (1) (attorney's fees). Husband's status as the losing party on the contested custody question is sufficient to authorize the discretionary assessment against him of the costs associated with that issue. See *Paul v. Paul*, supra.

3. Husband contends that the trial court erred in granting Wife a permanent restraining order in the final decree because, at the time of its entry, the temporary family violence protective order previously granted to her pursuant to OCGA § 19-13-1 et seq. had expired.

In her verified counterclaim for divorce, Wife alleged that she had been physically and mentally abused by Husband, and she expressly prayed for the entry of a permanent protective order to protect her. Under OCGA § 19-13-4 (a), "[t]he court may, upon the filing of a verified petition, grant any protective order . . . to bring about a cessation of acts of family violence." OCGA § 19-13-4 (c)

provides that the order can remain in effect for as long as a year, but that such a temporary order can be converted into a permanent one "upon the motion of a petitioner and notice to the respondent and after a hearing[.]" Here, Wife filed her verified pleading during the period when the temporary order was in effect. Husband received notice of her request for a permanent protective order, and evidence relevant to the need for entry of such an order was received without objection during the bench trial. Had Husband raised an objection based upon the expiration of the temporary order, the trial court would have been authorized to extend that order nunc pro tunc. See *Duggan v. Duggan-Schlitz*, 246 Ga. App. 127 (539 SE2d 840) (2000).

Thus, Wife initiated her effort to obtain a permanent order at a time when the temporary order was in effect, and Husband thereafter received notice and was given a hearing. Under these circumstances, the fact that the temporary order had expired is immaterial to the trial court's authority to enter the permanent order and to the enforceability of that order against Husband according to its terms. *Duggan v. Duggan-Schlitz*, supra.

*Judgment affirmed. All the Justices concur.*


DECIDED JANUARY 24, 2005.


*Fears, Lawrence & Turner, William H. Turner, Jr.*, for appellant.
*Smith, Welch & Brittain, Pandora E. Hunt, David A. Webster, Michelle H. Jordan*, for appellee.