A10A0538. CAVALIER CONVENIENCE, INC. v. SARVIS et al.
A10A0539. KEN'S SUPERMARKETS, INC. v. SARVIS et al.

(699 SE2d 104)

PHIPPS, Presiding Judge.

The issue presented in these appeals is whether, under recently amended OCGA § 51-12-33, a trier of fact is required to apportion its award of damages among multiple liable defendants when the plaintiff bears no fault. The trial court concluded that the statute does not require apportionment in such a case. The trial court erred. We reverse.

In 2006, there was a collision of vehicles driven by Christopher Sarvis and 17-year-old Jeremi Bath. These appeals arose from a personal injury lawsuit that Sarvis filed against Bath, who allegedly was intoxicated at the time of the collision. Sarvis also named as defendants Cavalier Convenience, Inc. and Ken's Supermarkets, Inc., alleging that their business establishments had unlawfully sold intoxicating beverages to Bath.

As the case proceeded to trial, a consolidated pretrial order was entered, which listed as an issue for jury determination: "Damages

(including apportionment)." Soon thereafter, Sarvis filed a motion seeking a ruling from the court to preclude the issue of apportionment from being argued or submitted to the jury.[1] The defendants countered that pursuant to OCGA § 51-12-33, as amended by the Tort Reform Act of 2005,[2] apportionment is mandated where multiple defendants are found liable. Sarvis claimed that the statute mandated apportionment only in those cases wherein the plaintiff was alleged to have been responsible to some degree for the injury or damages claimed; and he pointed out that there was no allegation that he was at fault.

The trial court agreed with Sarvis and thus entered an order prohibiting any mention to the jury of apportionment of damages. Cavalier Convenience and Ken's Supermarkets were granted interlocutory appeal of that order. We now review the trial court's ruling which was based on its construction of OCGA § 51-12-33.

The cardinal rule in construing a legislative act is "to ascertain the legislative intent and purpose in enacting the law, and then to give it that construction which will effectuate the legislative intent and purpose."[3] "In all interpretations of statutes, the courts shall look diligently for the intention of the General Assembly, keeping in view at all times the old law, the evil, and the remedy."[4] The Supreme Court of Georgia has instructed that the "best indicator of the General Assembly's intent is the statutory text it actually adopted"[5] and that "[a]s long as the statutory language is clear and does not lead to an unreasonable or absurd result, it is the sole evidence of the ultimate legislative intent."[6] Statutory interpretation presents a question of law and is subject to de novo review.[7]

Prior to the amendment of OCGA § 51-12-33 pursuant to the Tort Reform Act of 2005, the statute permitted apportionment, but

---

[1] See generally *Dept. of Human Resources v. Phillips*, 268 Ga. 316, 318 (1) (486 SE2d 851) (1997) (a party desiring modification of a pretrial order should make application to trial judge either before or during the trial).

[2] See Ga. L. 2005, p. 1, § 12.

[3] *RadioShack Corp. v. Cascade Crossing II, LLC*, 282 Ga. 841, 843 (653 SE2d 680) (2007) (citation and punctuation omitted).

[4] OCGA § 1-3-1 (a).

[5] *Chase v. State*, 285 Ga. 693, 699 (2) (681 SE2d 116) (2009).

[6] *Shorter College v. Baptist Convention &c.*, 279 Ga. 466, 470 (614 SE2d 37) (2005) (citations and punctuation omitted); see *Early v. Early*, 269 Ga. 415, 416 (499 SE2d 329) (1998) ("In construing a statute, the determining factor is the intent of the legislature and we look first to the words of the statute to determine what that intent was and if those words be plain and unambiguous and the intent may be clearly gathered therefrom, we need look no further in determining what that intent was.") (citation and punctuation omitted).

[7] *Expedia, Inc. v. City of Columbus*, 285 Ga. 684, 689 (4) (681 SE2d 122) (2009).

only where the plaintiff was partially at fault. That version of the statute provided, in pertinent part:

> Where an action is brought against more than one person for injury to person or property and the plaintiff is himself to some degree responsible for the injury or damages claimed, the trier of fact, in its determination of the total amount of damages to be awarded, if any, may apportion its award of damages among the persons who are liable and whose degree of fault is greater than that of the injured party according to the degree of fault of each person. Damages, if apportioned by the trier of fact as provided in this Code section, shall be the liability of each person against whom they are awarded, shall not be a joint liability among the persons liable, and shall not be subject to any right of contribution.[8]

As amended,[9] OCGA § 51-12-33 pertinently provides in subsections (a) and (b):

> (a) Where an action is brought against one or more persons for injury to person or property and the plaintiff is to some degree responsible for the injury or damages claimed, the trier of fact, in its determination of the total amount of damages to be awarded, if any, shall determine the percentage of fault of the plaintiff and the judge shall reduce the amount of damages otherwise awarded to the plaintiff in proportion to his or her percentage of fault.
>
> (b) Where an action is brought against more than one person for injury to person or property, the trier of fact, in its determination of the total amount of damages to be awarded, if any, *shall after a reduction of damages pursuant to subsection (a) of this Code section, if any, apportion its award of damages among the persons who are liable according to the percentage of fault of each person.* Damages apportioned by the trier of fact as provided in this Code section shall be the liability of each person against whom they are awarded, shall not be a joint liability among the

---

[8] Ga. L. 1987, p. 915, § 8; see *United States Fidelity &c. Co. v. Paul Assocs.*, 230 Ga. App. 243, 248 (3) (496 SE2d 283) (1998).

[9] This amendment applies only to "causes of action arising on or after [February 16, 2005], and any prior causes of action shall continue to be governed by prior law." Ga. L. 2005, p. 1, § 15 (b).

144

persons liable, and shall not be subject to any right of contribution.[10]

These appeals focus on that language of OCGA § 51-12-33 (b) emphasized above. The trial court's ruling that the issue of apportionment would not be injected into the case was based upon its determination that:

> The "after" language contemplates that comparative negligence must at the minimum be an issue considered by the jury before proceeding to apportionment under subsection (b). In a case such as this one, where there is no allegation or factual issue as to plaintiff's fault, the jury never even considers subsection (a) and the threshold for the apportionment stage of subsection (b) is never reached.

This, too, is Sarvis's position. He asserts on appeal that "there must be some evidence of comparative fault on the part of the plaintiff in order for any award to be apportioned and the apportionment now occurs only *after* a reduction by the degree of the plaintiff's fault, if any."[11]

We cannot agree. Given the "if any" clause so placed in that portion of OCGA § 51-12-33 (b) emphasized above, it is clear from that subsection's plain language that the legislature did not intend for apportionment to be limited to those cases wherein the plaintiff was to some degree at fault.[12] The trial court's contrary construction — that apportionment is mandated only if the plaintiff is to some degree at fault — essentially overlooks the use and placement of the "if any" clause. But courts are "not authorized to disregard any of the words used therein unless the failure to do so would lead to an absurdity manifestly not intended by the legislature."[13] Here, no such absurdity is produced that shows that the legislature meant something other than what it stated in plain words. Where "the language of a statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a

---

[10] (Emphasis supplied.)

[11] (Emphasis in original.)

[12] See OCGA § 1-3-1 (b) (pertinently instructing, "In all interpretations of statutes, the ordinary signification shall be applied to all words.").

[13] *Chase,* supra at 695 (2) (citation and punctuation omitted); see *TELECOM*USA v. Collins,* 260 Ga. 362, 363 (1) (393 SE2d 235) (1990) ("[T]he 'golden rule' of statutory construction . . . requires us to follow the literal language of the statute unless it produces contradiction, absurdity or such an inconvenience as to insure that the legislature meant something else.") (citation and punctuation omitted).

different construction upon it, but must construe it according to its terms."[14]

In accordance with the legislature's unambiguous language in OCGA § 51-12-33 (b), we hold that where damages are to be awarded in an action brought against more than one person for injury to person or property — whether or not such damages must be reduced pursuant to OCGA § 51-12-33 (a) — the trier of fact "shall . . . apportion its award of damages among the persons who are liable according to the percentage of fault of each person."[15] Had the legislature intended for subsection (b) of OCGA § 51-12-33 to be triggered *only* upon a reduction of damages pursuant to subsection (a) of that Code section, it could have so stated; but it did not impose any such prerequisite.

Sarvis's reliance upon OCGA § 51-12-31,[16] also amended by Georgia's Tort Reform Act of 2005,[17] as authorizing the trial court's ruling that apportionment is not mandated when the plaintiff bears no fault is misplaced. The legislature has plainly restricted application of OCGA § 51-12-31; that statute applies "[e]xcept as provided in Code Section 51-12-33."[18] As we conclude herein, Sarvis's argument fails to remove the underlying case from the purview of OCGA § 51-12-33.

In reaching our holding, we have rejected also Sarvis's assertion that the amendments to OCGA §§ 51-12-31 and 51-12-33 (b) "simply provide clarification procedurally as to what the law in Georgia has always been." This assertion is inconsistent with the plain language of those Code provisions.

Sarvis contends that the interpretation of OCGA § 51-12-33 (b)

---

[14] *Lowry v. McDuffie*, 269 Ga. 202, 204 (2) (496 SE2d 727) (1998) (citation and punctuation omitted); *Kendall v. Griffin-Spalding County Hosp. Auth.*, 242 Ga. App. 821, 822 (2) (531 SE2d 396) (2000) (A statute "should be read according to the natural and most obvious import of the language, without resorting to subtle and forced constructions to limit or extend [its] operation.").

[15] OCGA § 51-12-33 (b); see *O'Donnell v. Durham*, 275 Ga. 860, 861 (3) (573 SE2d 23) (2002) (as a rule of statutory construction, "shall" is generally construed as a word of mandatory import). Accord *Royalston v. Middlebrooks*, 303 Ga. App. 887, 892 (5) (696 SE2d 66) (2010) (affirming judgment upon verdict in favor of plaintiff, in which verdict the jury apportioned damages, under amended OCGA § 51-12-33 (b), having found one defendant to be 42 percent at fault and the other defendant to be 58 percent at fault).

[16] In its entirety, amended OCGA § 51-12-31 provides:
Except as provided in Code Section 51-12-33, where an action is brought jointly against several persons, the plaintiff may recover damages for an injury caused by any of the defendants against only the defendant or defendants liable for the injury. In its verdict, the jury *may* specify the particular damages to be recovered of each defendant. Judgment in such a case must be entered severally.
(Emphasis supplied.)

[17] See Ga. L. 2005, p. 1, § 12.

[18] OCGA § 51-12-31.

that we have adopted renders meaningless related OCGA §§ 51-12-31 and 51-12-32.[19] He asserts that such interpretation leaves no case that could fall under those statutes. Sarvis cites the principle of statutory construction that a

> statute must be construed in relation to other statutes of which it is a part, and all statutes relating to the same subject-matter, briefly called statutes "in pari materia," are construed together, and harmonized wherever possible, so as to ascertain the legislative intendment and give effect thereto.[20]

Pretermitting whether Sarvis's underlying premise is correct,[21] we are not convinced that this principle leads to that construction of OCGA § 51-12-33 (b) urged by Sarvis. The Supreme Court of Georgia has instructed: "statutes in pari materia may *not* be resorted to where the language of the statute under consideration is clear."[22] Rather, "[w]here the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden."[23]

Finally, several policy arguments have been presented for upholding the trial court's construction.[24] But we have no authority to adopt a construction that is contrary to the General Assembly's

---

[19] This Code section, which was not amended by the Georgia Tort Reform Act of 2005 or since, concerns contribution among joint tortfeasors.

[20] *Goldberg v. State*, 282 Ga. 542, 546 (651 SE2d 667) (2007) (citation and punctuation omitted).

[21] However, see, e.g., *Murray v. Patel*, 304 Ga. App. 253, 255 (2) (696 SE2d 97) (2010) (rejecting argument that, given 2005 amendment to OCGA § 51-12-33 (b), the right of contribution no longer exists under Georgia law). In addition, Cavalier Convenience and Ken's Supermarkets have each responded that OCGA § "51-12-32, retaining the right of a tortfeasor to contribution, would continue to be applicable in instances where one party claimed liable resolves the plaintiff's entire claim by way of settlement and then pursues an action for contribution against others claimed to be responsible."

[22] *Butterworth v. Butterworth*, 227 Ga. 301, 304 (3) (a) (180 SE2d 549) (1971) (emphasis supplied) (instructing further that "where the terms of the statute to be construed are ambiguous or its significance is of a doubtful character, it becomes necessary to give proper consideration to other related statutes in order to ascertain the legislative intent in reference to the whole system of laws of which the doubtful statute is a part").

[23] *Six Flags Over Georgia II v. Kull*, 276 Ga. 210, 211 (576 SE2d 880) (2003); see *City of Jesup v. Bennett*, 226 Ga. 606, 608 (2) (176 SE2d 81) (1970).

[24] For example, the Georgia Trial Lawyers Association submitted an amicus curiae brief in which it argues, inter alia:

> [I]t would be improper as a matter of public policy to apportion fault as between the convenience store defendants who, either negligently or in violation of the laws concerning the sale of alcohol to minors, sold alcohol to a minor who foreseeably placed other motorists, such as [Sarvis], at risk for the underage drinker's reckless conduct. . . . If apportionment were allowed in this case, it is likely that Appellants would be excused for their wrongful acts, as there is little doubt that the intoxicated,

intent as plainly codified. "The doctrine of separation of powers is an immutable constitutional principle which must be strictly enforced. Under that doctrine, statutory construction belongs to the courts, legislation to the legislature."[25] Our decision today gives "appropriate deference to the legislative process and separation of powers."[26]

*Judgment reversed. Smith, P. J., and Mikell, J., concur.*

DECIDED JULY 9, 2010 — 

*Barrow & Ballew, Walter W. Ballew III, Travis D. Windsor*, for appellant (case no. A10A0538).

*Callaway, Braun, Riddle & Hughes, Edward M. Hughes*, for appellant (case no. A10A0539).

*Jones & Smith, Bobby T. Jones, Julian B. Smith, Jr.*, for appellees.

*Mathew Nasrallah, John D. Hadden, Andrew T. Rogers, William V. Custer, Eric P. Schroeder*, amici curiae.

---

underage driver would be found to be entirely responsible for the injury. Thus, the jury would likely apportion 100% of the fault to the driver, relieving Appellants from liability entirely, despite Appellants' wrongful conduct or violation of law. Such a result would effectively remove any independent duty on the part of the initial tortfeasor.

Similarly, in its amicus curiae brief, the DeKalb Rape Crises Center asserts, inter alia: In a rape victim's civil action against landlord, liability of the property owner is based on its negligent conduct which exposed the victim to the intentional tort, and but for that conduct, the victim would not have been harmed. It is neither unfair nor irrational for an innocent victim to collect full damages from a negligent defendant who knew, or should have known, that an injury would be intentionally inflicted and failed in its duty to take reasonable steps to prevent it.

The Center cites the Restatement (Third) of Torts: Apportionment of Liability § 14 ("A person who is liable to another based on a failure to protect the other from the specific risk of an intentional tort is jointly and severally liable for the share of comparative responsibility assigned to the intentional tortfeasor in addition to the share of comparative responsibility assigned to the person.").

[25] *Mason v. The Home Depot U.S.A.*, 283 Ga. 271, 276 (3) (658 SE2d 603) (2008).

[26] *State v. Fielden*, 280 Ga. 444, 448 (629 SE2d 252) (2006).