**SECOND DIVISION**
**MILLER, P. J.,**
**BROWN and GOSS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 8, 2019**

# In the Court of Appeals of Georgia

A18A1774. IN RE SIERRA LEIGH WERTZER.

BROWN, Judge.

This is the third appearance before this Court of a case involving the guardianship of Sierra Leigh Wertzer, an incapacitated adult. In its first appearance, Grace Wertzer, Sierra's mother and guardian, appealed from the original guardianship order she sought and obtained as Sierra approached her 18th birthday, specifically challenging the probate court's authority to establish a set visitation schedule between Sierra and her father, Saul Wertzer. *In re Estate of Wertzer*, 330 Ga. App. 294 (765 SE2d 425) (2014) ("*Wertzer I*"). In its second appearance, Grace appealed from the probate court's December 2016 order removing the requirement for supervision during visits between Sierra and Saul. *In re Estate of Wertzer*, 343 Ga. App. XXIV (Case No. A17A1223, October 27, 2017) (unpublished) ("*Wertzer II*"). In *Wertzer II*,

Grace alleged, inter alia, that the probate court erred in ordering her to pay half of the fees incurred by the ward for an attorney and guardian ad litem ("GAL") in relation to Saul's petition seeking to remove the requirement for supervised visits.[1] Id. at (3). We vacated the allocation of attorney fees and GAL fees, ruling that "[t]he probate court did not purport to make any findings with respect to [its] allocation of the challenged expenses" and remanded the case "for findings and legal citation in support of an allocation of fees, if any." Id. On remand, the probate court rejected the allocation of attorney fees, ruling that they shall be borne solely by the ward as follows: "All attorney fees incurred in relation to the [probate court's] December 2016 Order for Arthur Marateck, court-appointed attorney for the Ward, benefitted the Ward, and no finding was made pursuant to OCGA § 9-15-14 or other statute allowing for the award of attorney fees." As for the GAL fees, the probate court concluded that Grace, Saul, and Sierra "shall each be responsible for 1/3 of all fees

[1] As explained in *Wertzer II*, Grace responded to Saul's petition and sought to reduce the number of visits Sierra had with her father, and make visitation subject to her discretion. The probate court held a four-day evidentiary hearing on the parties' respective petitions, which included testimony from Saul and Grace as well as reports from Sierra's guardian ad litem and her attorney, who are not the same person; the probate court appointed Arthur Marateck as the ward's attorney, and Stephen D. Morrison as the ward's guardian ad litem.

2

incurred . . . as a reasonable and necessary expense of litigation in which all parties sought relief and/or benefitted from the appointment of the guardian ad litem."

In her sole enumeration of error, Grace contends that the probate court erred in assessing against her the fees associated with the ward's GAL because there is no statutory authority authorizing such an award. While Grace recognizes that OCGA § 29-9-15 may authorize an award of reasonable fees to a court-appointed GAL, she contends that it does not authorize the probate court to award those fees against the guardian of the ward. For the reasons discussed below, we find that the probate court correctly awarded costs to the GAL, but that it erred in awarding those costs against Grace.

In its order, the probate court expressly stated that OCGA § 9-15-14 did not apply, but characterized the GAL fees as an "expense of litigation." In her arguments on appeal, Grace characterizes the "guardian ad litem fees" as "attorney fees." They are neither. As explained below, the appellate courts of this state have repeatedly classified GAL fees as a cost of litigation.

3

Title 29 of the Official Code of Georgia governs guardians and wards, and Chapter 9 of that Title guides the court proceedings involving guardians and wards.[2] See OCGA §§ 29-9-1 et seq. That chapter allows a court, in its discretion, to appoint a GAL "to represent the interests . . . of a ward in proceedings relating to the guardianship or conservatorship of that individual." OCGA § 29-9-2 (a). See also Uniform Probate Court Rule 5.4 (probate court, in its discretion, is responsible for choosing appropriate person to serve as GAL). As Grace points out in her brief, Chapter 9 of Title 29 further provides that "[a]ny legal counsel or guardian ad litem who is appointed by the court in a guardianship or conservatorship proceeding shall be awarded reasonable fees commensurate with the tasks performed and time devoted to the proceeding, including any appeal." OCGA § 29-9-15. In *In re Olliff*, 184 Ga. App. 846 (363 SE2d 158) (1987), we considered an application for expenses and attorney fees filed pursuant to former OCGA § 29-5-13, a predecessor to OCGA § 29-9-15, and concluded that the "'expenses'" referred to in that statute "are not expenses

---

[2] As we noted in *Wertzer II*, the underlying petition filed by Saul on February 1, 2016, seeking to remove the requirement that his visits with Sierra be supervised, was filed pursuant to Article 5 of Chapter 4, Title 29, codified at OCGA §§ 29-4-40 et seq. *Wertzer II*, 343 Ga. App. at (3). That chapter also provides that the "[t]he court, in its discretion, may appoint legal counsel for the ward or a guardian ad litem, or both." OCGA § 29-4-40 (a).

4

of litigation but, rather, are tantamount to '*costs*' incurred in a judicial proceeding.

. . ." (Emphasis supplied.) *Olliff*, 184 Ga. App. at 847. See also *In re Connell*, 217 Ga.

App. 523 (457 SE2d 832) (1995).[3]

This conclusion is consistent with the treatment of GAL fees in other

proceedings, including divorce and child custody. In *Nguyen v. Dinh*, 278 Ga. 887

[3] Grace contends that OCGA § 29-4-17 may control who pays in a hearing such as the one at issue here. That Code section provides that "[t]he amounts actually necessary or requisite to defray the expenses of any hearing held under *this article* shall be paid: (1) From the estate of the ward if a guardianship is ordered; (2) By the petitioner if no guardianship is ordered; or (3) By the county in which the proposed ward is domiciled. . . ." (Emphasis supplied.) OCGA § 29-4-17. But, that Code section applies only to expenses incurred during hearings brought under Article 2, relating to the appointment of a guardian. In *Wertzer II*, we noted that Saul's petition arose pursuant to Article 5 of Chapter 4, codified at OCGA §§ 29-4-40 et seq. *Wertzer II*, 343 Ga. App. at (3). In his brief, Saul appears to contend that his petition was brought under Article 3, specifically, OCGA § 29-4-22. Regardless of the Code section under which Saul filed his petition, neither is part of Article 2; thus, OCGA § 29-4-17 does not control. Title 29 was rewritten in 2004, after our decisions in *Olliff* and *Connell*, both of which involved former OCGA § 29-5-13. See Ga. L. 2004, p. 161, § 1. And, while we acknowledge that *Olliff* and *Connell* concern fees incurred during an initial petition for the appointment of a guardian (as contemplated by OCGA § 29-4-17), former OCGA § 29-5-13 authorized the probate court to "fix a reasonable fee for the services of the guardian ad litem" and further provided for payment by the appropriate party of "[t]he amounts actually necessary or requisite to defray the expenses of *any hearing held under . . . Chapter [5]. . . .* " (Emphasis supplied.) A petition such as the one filed by Saul used to be governed by Chapter 5 of Title 29, specifically former OCGA § 29-5-7. Because fees incurred during a hearing on such a petition were specifically included in former OCGA § 29-5-13, our reasoning in *Olliff* and *Connell* applies here.

5

(608 SE2d 211) (2005), our Supreme Court affirmed the award of GAL fees against

the husband on a contested custody question, concluding that the husband's status as

the losing party "is sufficient to authorize the discretionary assessment against him

of the *costs* associated with that issue." (Emphasis supplied.) Id. at 887 (2). In

reaching that conclusion, the Supreme Court found OCGA § 9-11-54 applicable to

divorce cases. That statute provides, in pertinent part, that "[e]xcept where express

statutory provision therefor is made in a statute, costs shall be allowed as a matter of

course to the prevailing party [in a civil action,] unless the court otherwise directs[.]"

OCGA § 9-11-54 (d).[4]

---

[4] We note that the provisions of the Civil Practice Act, such as OCGA § 9-11-54, apply in probate court:

> Under OCGA § 9-11-1, the CPA applies to all courts of record of this state in all actions of a civil nature whether cognizable as cases at law or in equity, with the exceptions stated in Code Section 9-11-81. A probate court is a court of record. Thus, the provisions of the CPA apply in probate court, except as provided in OCGA § 9-11-81. OCGA § 9-11-81 states that the CPA shall apply to all special statutory proceedings except to the extent that specific rules of practice or procedure in conflict herewith are expressly prescribed by law. At least certain proceedings in probate court are classifiable as special statutory proceedings. Thus, provisions of the CPA apply in probate court proceedings, unless there are special rules of practice or procedure which are conflicting and which have been expressly prescribed by law.

(Citations and punctuation omitted.) *Greene v. Woodard*, 198 Ga. App. 427, 428 (401

6

Similarly, the trial court in a child custody proceeding "may order reasonable attorney's fees and expenses of litigation, experts, and the child's guardian ad litem and other costs of the child custody action and pretrial proceedings to be paid by the parties in proportions and at times determined by the judge." OCGA § 19-9-3 (g). Reading OCGA § 19-9-3 (g) in concert with Uniform Superior Court Rule 24.9 (8) (g),[5] this Court has affirmed costs awarded under the Code section, finding that the trial court properly exercised its discretion in determining the amount of GAL fees awarded and the apportionment of those fees between the parties. See *Gordon v.*

_____

SE2d 617) (1991). See OCGA § 15-9-122 ("[u]nless provided to the contrary by Code Section 9-11-81, the general laws and rules of practice, pleading, procedure, and evidence which are applicable to the superior courts of this state shall be applicable to and govern in civil cases in the probate courts"). With regard to OCGA § 9-11-54 (d), this court has repeatedly affirmed the trial court's discretion in awarding costs to the parties, including apportionment of costs. See *Dacosta v. Allstate Ins. Co.*, 199 Ga. App. 292, 294 (2) (404 SE2d 627) (1991); *Gold Kist v. Williams*, 174 Ga. App. 849, 850 (4) (332 SE2d 22) (1985).

[5] Uniform Superior Court Rule 24.9 (8) (g) provides:

It shall be within the Court's discretion to determine the amount of fees awarded to the GAL, and how payment of the fees shall be apportioned between the parties. The GAL's requests for fees shall be considered, upon application properly served upon the parties and after an opportunity to be heard, unless waived. In the event the GAL determines that extensive travel outside of the circuit in which the GAL is appointed or other extraordinary expenditures are necessary, the GAL may petition the Court in advance for payment of such expenses by the parties.

*Abrahams*, 330 Ga. App. 795, 800 (3) (c) (769 SE2d 544) (2015), citing *Salmon-Davis v. Davis*, 286 Ga. 456, 458-459 (3) (689 SE2d 303) (2010).[6]

Having established that the GAL fees are a cost of litigation, the next question is whether that cost may be awarded against Grace, in her position as the ward's guardian. When examining this question, we must keep in mind that costs of litgation cannot be awarded unless authorized by statute or contract. See *Kemp v. Kemp*, 337 Ga. App. 627, 633 (788 SE2d 517) (2016) (costs of litigation, including attorney fees, cannot be awarded unless supported by statute or contract). Grace contends that OCGA § 29-4-22 (c) (1), (5) insulates her from liability for the debts and expenses of the ward. Saul and the GAL disagree, arguing that Grace is attempting to hide behind the title of "guardian" in order to avoid paying her portion of costs related to the GAL in this action specifically brought against her for failing "to provide the statutory obligations due to the ward under OCGA § 29-4-22."[7]

---

[6] Grace's contention that the American Rule applies to this case is meritless. We discussed the American Rule in *Wertzer II*, and will not reiterate that discussion, except to point out that the appellate courts of this State have consistently affirmed awards of *costs* incurred in judicial proceedings.

[7] The GAL also argues that "[t]he troubling thing about [Grace's] argument is that if it is taken to the extreme, this catch-all provision would protect [Grace] from responsibility from all manner of bad actions. This is an absurd result, especially when it is paired with [Grace's] willingness and zeal for expensive litigation

8

As we outlined in *Wertzer I*, OCGA § 29-4-22 governs the general duties of a guardian in protecting its ward and provides, in part, that "a guardian shall make decisions regarding the ward's support, care, education, health, and welfare[, and] shall at all times act as a fiduciary in the ward's best interest and exercise reasonable care, diligence, and prudence." OCGA § 29-4-22 (a); *Wertzer I*, 330 Ga. App. at 297 (1). Subsection (b) establishes the guardian's duties to its ward, including:

> (1) Respect the rights and dignity of the ward; (2) Become or remain personally acquainted with the ward and maintain sufficient contact with the ward to know of the ward's capacities, limitations, needs, opportunities, and physical and mental health; (3) If necessary, petition to have a conservator appointed; (4) Endeavor to cooperate with the conservator, if any; (5) Take reasonable care of the ward's personal effects; (6) Arrange for the support, care, education, health, and welfare of the ward, considering the ward's needs and available resources; (7) Expend money of the ward that has been received by the guardian for

---

undertaken multiple times. It is a patent drain on the ward's resources." While OCGA § 29-4-53 authorizes a cause of action against a guardian for breach of fiduciary duty, the matter before us is not a claim brought pursuant to OCGA § 29-4-53. Saul expressly filed this "[p]etition pursuant to OCGA § 29-4-41 (a) . . . to [assure] the ward's rights under OCGA § 29-4-20." In his prayer for relief, Saul asked the probate court, inter alia, to appoint a guardian ad litem, to allow him unsupervised visits with the ward, and to "[i]nstruct the Guardian on the Ward's rights under the law, especially the right to have the least restrictive form of guardianship assistance." Nothing in these assertions can be classified as a claim against Grace for damages based upon breach of her fiduciary duty under OCGA § 29-4-53.

9

the ward's current needs for support, care, education, health, and welfare; (8) Conserve for the ward's future needs any excess money of the ward received by the guardian; provided, however, that if a conservator has been appointed for the ward, the guardian shall pay to the conservator, at least quarterly, money to be conserved for the ward's future needs. . . .

OCGA § 29-4-22 (b). Subsection (c) limits the guardian's liability by reason of the guardian-ward relationship, providing that,

[a] guardian, solely by reason of the guardian-ward relationship, is not personally liable for: (1) The ward's expenses or the expenses of those persons who are entitled to be supported by the ward; (2) Contracts entered into in the guardian's fiduciary capacity; (3) The acts or omissions of the ward; (4) Obligations arising from ownership or control of property of the ward; or (5) Other acts or omissions occurring in the course of the guardianship.

OCGA § 29-4-22 (c).

OCGA § 29-4-22 makes no mention of costs of litigation, and the fact that the General Assembly decided that the guardian of a ward cannot be liable for certain things does not compel the conclusion that guardians are therefore liable for costs of litigation. As the Supreme Court of the United States has remarked, "[w]e construe [a statute's] silence as exactly that: silence." *EEOC v. Abercrombie & Fitch Stores*,

10

__ U. S. __ (II) (135 SCt 2028, 192 LE2d 35) (2015). See also Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 93 (1st ed. 2012) ("The principle that a matter not covered is not covered is so obvious that it seems absurd to recite it.").

Having concluded that nothing in the guardian/ward statutory scheme authorizes an award of litigation costs against the guardian of a ward, we must now determine whether OCGA § 9-11-54 authorizes such an award. We conclude that it does not. As set out above, OCGA § 9-11-54 authorizes a trial court to award costs to the *prevailing party* in a civil action, but a guardianship proceeding is not an adversary proceeding and there is no prevailing party. Other courts addressing comparable claims have concluded similarly. See *State Dept. of Human Resources v. Estate of Harris*, 857 So2d 818, 821 (Ala. Civ. App. 2002) (reversing assessment of GAL fees against DHR where no authority exists that would allow probate court to direct such an assessment in a matter that is not a "true adversary proceeding" and where there is no prevailing party). See also *In re Estate of Bayers*, 983 P2d 339, 342 (Mont. 1999) ("a petition to appoint a guardian is not an adversarial proceeding, but rather a proceeding to promote the best interests of the person for whom guardianship is sought"); *McKinley v. Salter*, 136 SW2d 615, 624 (Tex. Civ. App., 1939)

11

("[p]roceedings for the appointment of a guardian are not adversary in their nature").

Accordingly, we conclude that Grace is correct that the probate court erred in assessing against her the costs associated with the ward's GAL.

*Judgment reversed. Miller, P. J., and Goss, J., concur.*