**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 25, 2019**

# In the Court of Appeals of Georgia

A19A0115. IN RE ESTATE OF MARY ELIZABETH PHILLIPS.     CO-004

COOMER, Judge.

This case asks us to determine whether, under the statutes governing adult conservatorship and guardianship proceedings, a probate court has the authority to award attorney fees to privately retained counsel from the estate of a ward. In so doing, we are also asked to determine whether this Court's prior holdings in *In re Olliff*, 184 Ga. App. 846 (363 SE2d 158) (1987) and *In re Connell*, 217 Ga. App. 523 (457 SE2d 832) (1995) still apply with respect to attorney fees, in light of revisions to the code section governing court proceedings involving guardians and wards. For the reasons discussed below, we find that the probate court did not err in finding that OCGA § 29-9-15 does not authorize the payment of attorney fees from the estate of

a ward to privately retained counsel, and that our prior holdings in *Olliff* and *Connell* remain sound.

"Statutory interpretation presents a question of law and is subject to de novo review." *Cavalier Convenience, Inc. v. Sarvis*, 305 Ga. App. 141, 142 (699 SE2d 104) (2010) (footnote and citation omitted). So viewed, the record shows that Mary Susan Phillips (Susan) and Nan Jones (Nan) (collectively, Petitioners) filed a petition for guardianship and several motions for orders of protection concerning their mother Mary Elizabeth Phillips (Mary). A licensed clinical psychologist appointed by the probate court to perform an evaluation of Mary concluded that Mary suffered from "mild to moderate dementia affecting memory" and that she was "in need of the appointment of a conservator." The probate court appointed Mary a Guardian-ad-litem on September 29, 2016 and Mary privately retained the services of Attorney Jennifer Haskins on October 5, 2016. Linda-Lea Phillips (Linda) and Julia Phillips Manard (Julia) (collectively, Appellees) by and through their attorney filed an entry of appearance as Interested Persons named in the petition on October 5, 2016. Evidence was taken at hearings before the probate court on October 5 and October 11, 2016. The parties requested the probate court order mediation which was held on December 22, 2016. A settlement agreement was reached and presented to the probate

2

court at a hearing on January 17, 2017. At the mediation the parties were able to reach a mutual settlement agreement and the probate court incorporated the provisions of the settlement agreement into its final order following a hearing.

In the order, Linda was appointed Mary's guardian and the probate court also appointed a conservator on Mary's behalf. The order further stated that:

> It is agreed that the Guardian Ad Litem shall file a Motion for Attorney's fees, costs, and expenses, with such award as might be granted by the court being paid from [Mary's] funds. It is agreed that all parties' counsel reserves the right to file a petition with the court for payments of attorney's fees and costs permitted by law.

On February 16, 2017, counsel for Petitioners, William Self, (Petitioner's Counsel) filed a motion for attorney fees, expenses, and reimbursement. On February 20, 2017, Mary's privately retained counsel Jennifer Haskins (Mary's Private Counsel) filed a motion for attorney fees and expenses in connection with the services rendered on Mary's behalf.[1] On May 12, 2017, Appellees filed a motion to deny the claims for payment of attorney fees from the conservatorship estate arguing, *inter alia*, that the payment of attorney fees were prohibited under the applicable statutes.

---

[1] Mary died on June 2, 2017. The probate court appointed the county conservator as the administrator of Mary's estate.

3

The probate court, upon consideration of the motion and arguments of counsel for the parties, granted Appellees' motion and held that under OCGA § 29-9-15 there was "no authority to award the payment of attorney fees from the estate of a ward, except for those fees incurred by court appointed counsel and a guardian ad litem." This appeal followed.

1. Petitioners first argue that the probate court erred in granting the motion to deny claims for payment of attorney fees from the conservatorship estate. In support of their argument, Petitioners contend that this Court's holdings in *Olliff* and *Connell* are inapplicable because the statutory scheme enacted at the time those cases were resolved substantially differs from the statutory scheme applicable in this case. We disagree.

Title 29 of the Official Code of Georgia governs guardians and wards, and Chapter 9 of that Title guides the court proceedings involving guardians and wards. *See* OCGA §§ 29-9-1 et seq. OCGA § 29-9-15 provides that

> Any legal counsel or guardian ad litem who is appointed by the court in a guardianship or conservatorship proceeding shall be awarded reasonable fees commensurate with the tasks performed and time devoted to the proceeding, including any appeals.

Keeping in mind that in general attorney fees cannot be awarded unless supported by statute or contract, we must look to the plain and ordinary meaning of OCGA § 29-9-15 and, in considering its meaning, must presume that the General Assembly said what it meant and meant what it said. *See Cason v. Cason*, 281 Ga. 296, 299 (3) (637 SE2d 716) (2006) ("Generally an award of attorney fees is not available unless supported by statute or contract." (citation omitted)); *see also Kemp v. Kemp*, 337 Ga. App. 627, 632-633 (788 SE2d 517) (2016) ("In considering the meaning of a statute, our charge as an appellate court is to presume that the General Assembly meant what it said and said what it meant. Toward that end, we must afford the statutory text its plain and ordinary meaning, consider the text contextually, read the text in its most natural and reasonable way, as an ordinary speaker of the English language would, and seek to avoid a construction that makes some language mere surplusage." (footnotes and punctuation omitted)).

Under the plain language of OCGA § 29-9-15, only those "appointed by the court in a guardianship or conservatorship proceeding shall be awarded reasonable fees." It is undisputed from the record that neither Petitioners' Counsel nor Mary's Private Counsel were appointed by the probate court in this case. OCGA § 29-9-15 makes no mention of an award for fees for those not appointed by the court, and as

this Court has recently noted, "we construe a statute's silence as exactly that: silence." *In re Wertzer*, 826 SE2d 168, 172 (Ga. Ct. App. 2019) citing *E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 135 SCt 2028, 2033 (II) (192 LE2d 35) (2015). Moreover, "since any statute that provides for the award of attorney fees is in derogation of common law, it must be strictly construed against the award of such damages." *Horton v. Dennis*, 325 Ga. App. 212, 216 (750 SE2d 493) (2013) (citation and punctuation omitted). Thus, we find no statutory authority to support a claim for attorney fees from the estate of a ward under OCGA § 29-9-15, except for those fees incurred by court appointed legal counsel or a guardian ad litem.

Additionally, we are unpersuaded by Petitioners' argument that the broad authority granted to the probate courts in areas where it has been given exclusive, original subject matter jurisdiction pursuant to OCGA § 15-9-30 (a) authorizes probate courts to award fees and expenses to privately retained counsel. "The Supreme Court of Georgia has instructed that the best indicator of the General Assembly's intent is the statutory text it actually adopted, and that as long as the statutory language is clear and does not lead to an unreasonable or absurd result, it is the sole evidence of the ultimate legislative intent." *Cavalier Convenience*, 305 Ga. App. at 142 (footnotes and punctuation omitted). While we appreciate the concerns

expressed by Appellants in the hypothetical scenarios presented in their appellate brief regarding the potential disparate results that may come from ruling that probate courts lack statutory authority to grant awards of attorney fees for privately retained counsel, this Court must interpret the law as it is, not as it wishes the law to be. *See Cavalier Convenience*, 305 Ga. App. at 144 ("But courts are not authorized to disregard any of the words used therein unless the failure to do so would lead to an absurdity manifestly not intended by the legislature."(footnote and punctuation omitted)).

We are equally unconvinced that our holdings in *Olliff* and *Connell* no longer hold binding authority in light of the revisions to the statutory scheme governing guardianship and conservatorship proceedings. OCGA § 29-5-13 (a), (e)-(e.1) (1995), a predecessor of OCGA § 29-5-17, provided in part that

> The amounts actually necessary or requisite to defray the expenses of any hearing held under this chapter, including those provided by subsections (c) through (e) of this Code section, shall be paid: (1) From the estate of the ward if a guardianship is ordered; (2) By the petitioner if no guardianship is ordered; or (3) By the county in which the allegedly incapacitated person has his residence or by the county in which the hearing is held if the allegedly incapacitated person is not a resident of the state. The amounts shall be paid by the appropriate county upon the warrant of the judge of the probate court of the county

where the hearing was held. Payment by the county shall be required, however, only if the person who actually presides over the hearing executes an affidavit or includes a statement in his order that the party against whom costs are cast by paragraph (1) or (2) of this subsection appears to lack sufficient assets to defray the expenses.

. . .

(e) For any hearing under this chapter, the sum to be paid to an attorney appointed to represent an allegedly incapacitated person shall not exceed $75.00 and actual expenses. In appropriate circumstances, the attorney may apply to the judge of the probate court of the county in which the hearing was held for an order granting reasonable fees in excess of the amount specified in this subsection which additional fees may only be granted pursuant to subsection (e.1) of this Code section. If the attorney also serves as guardian ad litem, he shall also receive for his services as such the fee specified in subsection (f) of this Code section.

(e.1) A probate judge receiving an application for additional fees under subsection (e) of this Code section shall send a copy of that application to the person or entity responsible under subsection (a) of this Code section for paying hearing expenses and where the county is responsible for those expenses, to that county's budget officer, as defined in Code Section 36-81-2. If the person or entity to whom that application copy is sent does not file with that judge a written objection to the applied for additional fees within ten days after the date on which the application copy is sent to that person or entity, that judge may award the requested additional fees with or without a hearing to obtain evidence in the matter

other than that which is contained in the application. If the person or entity to whom that application copy is sent files with that judge a written objection to the applied for additional fees within ten days after the date on which the application copy is sent to that person or entity, that judge may not award fees in excess of $50.00 without holding a hearing thereon and obtaining sufficient evidence at that hearing to justify the awarding of those additional fees. The person or entity objecting to the additional fees and the attorney requesting those fees shall receive prior notice of the time, date, and place of the hearing and have an opportunity to present evidence at that hearing regarding the appropriateness of the additional fees.

In *Olliff*, this Court was asked to consider whether under former OCGA § 29-5-13 (a) an adult who successfully defended herself against a petition for guardianship could recover the expenses and attorney fees incurred in relation to her defense. *Olliff*, 184 Ga. App. at 847. This Court concluded, and the Supreme Court of Georgia later affirmed, that the expenses referred to in that statute "are not expenses of litigation but, rather, are tantamount to 'costs' incurred in a judicial proceeding" and that the statute "could have, but did not, authorize payment of attorney fees as expenses of litigation incurred by privately employed counsel." *Id*. at 847. *See also In re Olliff*, 258 Ga. 157, 157 (366 SE2d 289) (1988). Similarly, in *Connell*, this Court again concluded that while the award of attorney fees for a

woman who privately retained counsel to successfully defend herself against a petition for guardianship was not authorized under former OCGA § 29-5-13 (a), the statute did authorize the payment of "the actual expenses of her court-appointed attorney, and her guardian ad litem's fee." *Connell*, 217 Ga. App. at 523.

Despite Petitioner's arguments to the contrary, no provision under either the former or current statutory schemes authorizes the award of attorney fees to privately retained attorneys. When the General Assembly revised Title 29 in 2004, it did so without including any provision with respect to how fees may be assessed outside of the mandatory award of fees for those appointed by the court. *See* Ga. L. 2004, p. 161.

As such, this Court

> must presume that the statute was enacted by the legislature with full knowledge of the existing condition of the law and with reference to it. It is therefore to be construed in connection and in harmony with the existing law, and as a part of a general and uniform system of jurisprudence, and its meaning and effect is to be determined in connection, not only with the common law and the constitution, but also with reference to other statutes and the decisions of the courts.

10

*City of Atlanta v. City of College Park*, 292 Ga. 741, 744 (741 SE2d 147) (2013) (citation omitted). As demonstrated above, the reasoning of our prior decisions in *Olliff* and *Connell* remain sound and we see no basis for overturning them.

2. In light of our holding in Division 1 of this opinion we need not address the Appellants' second enumeration except to state that we agree with the probate court's findings that while Mary's Private Counsel is not entitled to attorney fees under OCGA § 29-9-15, we make no judgment with respect to whether Mary's Private Counsel is entitled to fees from Mary's estate pursuant to a contractual agreement between the parties. As Mary's Private Counsel has filed a claim for fees and expenses from Mary's estate, any dispute arising out of fees incurred and owed as a result of the contractual relationship between Mary and Mary's Private Counsel resides between the administrator of Mary's estate and Mary's Private Counsel.

*Judgment affirmed. Doyle, P. J., and Markle, J., concur.*