## 75110. SPIVEY v. SELLERS.
(363 SE2d 856)

SOGNIER, Judge.

Kay Sellers, by next friend Francis Sellers, brought suit against Donald Spivey and his father seeking damages for injuries she incurred in an automobile accident. The trial court granted summary judgment in favor of Spivey's father but denied the motion made by Donald Spivey. We granted his application for interlocutory appeal.

The record reveals that appellee, then a 15-year-old, was among a group of high school students, recent graduates and their friends who gathered around a bonfire on the beach at Skidaway Island to talk and consume alcoholic beverages, among other activities. Appellee and several others had accompanied appellant to the beach in a car owned by appellant's father but under appellant's exclusive control. Appellant, who was 21 at the time, had purchased whiskey and beer,

---

some of which he consumed during the bonfire party. Appellee alleged that appellant enticed and induced her to consume alcohol, "got her drunk," and then induced and allowed her to drive his father's automobile which appellee crashed, she alone sustaining certain injuries.

We note that this is not a case in which a parent seeks recovery in tort against one who, without the parent's consent, furnished alcoholic beverages to his or her minor child. OCGA § 51-1-18 (a); see also *Stepperson, Inc. v. Long*, 256 Ga. 838, 840 (1) (353 SE2d 461) (1987). Neither is this an instance in which alcoholic beverages were unknowingly consumed by the minor with physical harm resulting from the consumption itself, thereby placing a right in the infant to recover damages for physical injuries inflicted upon his person. Compare *Dodd v. Slater*, 101 Ga. App. 362, 366 (114 SE2d 170) (1960) (22-month-old infant injured when given vodka mixed in tomato juice). Rather, this case seems to fall directly in the category of situations addressed by the Supreme Court in footnote 7 of *Sutter v. Hutchings*, 254 Ga. 194, 198 (327 SE2d 716) (1985), in which it was explained "why providing alcohol to a noticeably intoxicated [minor] automobile driver does not make the provider liable for injuries to the [minor] consumer. [Cits.] Although the provider owes a duty not to provide alcohol to a driver who is noticeably intoxicated, the driver also owes a duty to exercise ordinary care for his own safety. [Cits.] As between provider and consumer, the consumer has the last opportunity to avoid the effect of the alcohol, by not drinking or not driving, and thus as between the two, the negligence of the consumer is the greater. Hence, notwithstanding the fact that the provider as well as the consumer should foresee the possibility of injury to the consumer, the consumer cannot recover for his injuries from the provider. [Cit.]"

Appellee would have this court distinguish this case from *Sutter* on the basis that appellant did not "provide" alcohol for appellee to consume but instead "induced" or "enticed" appellee to consume alcohol. Webster's New International Dictionary (2d ed.) defines "induce" as "[t]o lead on; to influence; to prevail on; to move by persuasion or influence. . . ." The word "entice" is defined therein as "[t]o incite or instigate. (2) To draw on by exciting hope or desire; to allure; attract. . . . Often, in a bad sense, to lead astray; to induce to evil; to tempt." Thus, appellee does not assert she was not "provided" alcohol but rather asserts that she consumed the alcohol provided by appellant only because he influenced or tempted her into doing so.

While we recognize that negative influence exerted on young people by their peers can unfortunately pressure them into taking illegal actions, this does not negate the fact that a person who has attained the age of 13 years is responsible for both his crimes and his torts. See OCGA §§ 16-3-1; 51-11-6; see also *Green v. Gaydon*, 174 Ga. App. 796, 798 (2) (331 SE2d 106) (1985). There is no allegation or evidence

in the record that appellee involuntarily or unknowingly consumed alcohol, compare *Dodd,* supra, or that her consumption thereof was the result of coercion or intimidation so as to negate the presumption of capacity, through which she is chargeable with the same measure of caution as is an adult. See *Central R. Co. v. Phillips,* 91 Ga. 526, 529 (17 SE 952) (1893). Thus, the evidence shows that appellee, a mentally responsible person of 15 years, consumed alcoholic beverages at a time when it was illegal for any person under the age of 19 to purchase or knowingly possess any alcoholic beverage, with the exception of certain situations not applicable here. OCGA § 3-3-23 (a) (2). Under the rationale of *Sutter,* supra, no distinction may be drawn between alcoholic beverages knowingly possessed by a minor who was *provided* (or sold, supplied or furnished) those beverages and alcoholic beverages knowingly possessed by a minor who was *enticed* or *induced* into consuming those beverages since in both instances the consumer had "the last opportunity to avoid the effect of the alcohol, by not drinking. . . ." Id. Therefore, the trial court erred by holding that *Sutter,* supra, was not applicable to the case sub judice.

Appellee also argues that the trial court correctly denied summary judgment to appellant because appellant is liable to her for inducing and allowing her to drive his automobile knowing that she was unlicensed, in violation of OCGA § 40-5-122. The evidence is unrebutted that appellee had misrepresented to appellant that she had a valid instruction permit, or "learner's license," OCGA § 40-5-24 (a), and that appellant allowed her to drive on the basis of that misrepresentation. Thus, even had appellant "induced" appellee to drive, as she alleges, the evidence is uncontroverted that appellant was inducing one whom he had mistakenly been led to believe was properly licensed. However, we note that appellant stated in his deposition that he sat in the rear seat of his automobile while Tammy St. Lawrence, another participant at the bonfire party, sat in the front seat beside appellee. The record fails to reflect affirmatively that St. Lawrence, as the one occupying the seat beside the driver, was at least 18 years of age, was licensed as a driver for a Class 1 vehicle such as appellant's and was fit and capable of exercising control over the vehicle, as required by OCGA § 40-5-24 (a), thereby entitling appellee, a learner, to drive appellant's car upon a public highway. Thus, construing the evidence as we must in favor of appellee as the non-movant, see generally *Progressive Ins. Co. v. Kelly,* 181 Ga. App. 181 (351 SE2d 544) (1986), it appears appellant may have acted in violation of OCGA § 40-5-122 by knowingly authorizing or permitting a motor vehicle under his control to be driven upon a highway by one not authorized to drive.

However, even assuming appellant violated OCGA § 40-5-122, this violation does not entitle appellee to recover. " '(a) Actionable

negligence consists in a violation of some duty owed to another person; (b) in order for the violation of some statutory duty to be negligence per se, the person claiming it as such must be within the class for whose benefit the statute was passed; (c) if there is no person upon whom the violation of the statute can operate, there is no breach of duty; and (d) the court in determining whether the violation of a statutory requirement is negligence per se as to the person complaining thereof upon which a cause of action will rest, will look to the particular statute in respect to its purposes, that is, the evils it was intended to guard against and the persons it was intended to protect.' " *Jones v. Dixie Drive-It-Yourself System*, 97 Ga. App. 669, 670 (104 SE2d 497) (1958). In *Jones*, the rental company which had leased an automobile to an unlicensed driver argued it was not liable to the pedestrian struck and injured by the driver under the provisions of Code Ann. § 92A-9916 (Ga. L. 1937, pp. 322, 351-352). Construing the Act of 1937 (Ga. L. 1937, p. 322), the *Jones* court determined that the operation of an automobile without first obtaining an operator's license is an infraction of Georgia laws enacted for the public safety to regulate the use of public streets and roads and to make them more safe for persons to travel by preventing indiscriminate driving of motor vehicles of any kind upon Georgia's vehicular traffic routes by inexperienced, incompetent, or improper persons. Id. at 670, 671-672. Although Code Ann. § 92A-9916, repealed by Ga. L. 1975, pp. 1008, 1044, and replaced by Code Ann. § 68B-404 (OCGA § 40-5-122), differs from the latter statutes by requiring the ascertainment of whether the driver is unlicensed, see *Thomason v. Harper*, 162 Ga. App. 441, 447 (289 SE2d 773) (1982), we find the court's analysis in *Jones* of the purpose behind Georgia's licensing laws equally applicable to current legislation.

Thus, we hold that the General Assembly intended by enacting OCGA § 40-5-122 to protect the public by preventing incompetent, inexperienced or improper drivers from gaining access to public highways and causing injury and damage thereon. The means chosen to accomplish this end was to allow only those persons whose competency had been proven, as signified by a valid driver's license, to drive motor vehicles on Georgia's public highways. Appellee argues, however, that although her unlicensed driving on a public highway constituted the hazard against which OCGA § 40-5-122 sought to protect the public, she should also be included in the class of persons for whose benefit the statute was passed because, had it not been for appellant's violation of OCGA § 40-5-122, she would not have been able to violate OCGA § 40-5-20 (a), which provides that "[n]o person . . . shall drive any motor vehicle upon a highway in this state unless such person has a valid driver's license. . . ." See also OCGA § 40-5-120 (7).

We do not agree with appellee that OCGA § 40-5-122, enacted to prevent drivers like appellee from gaining access to our public highways, was enacted as well to allow appellee to obtain recovery when she violated OCGA § 40-5-20 (a) by operating a motor vehicle without a license, thereby creating the hazard her own driving posed. Thus, we need not consider the concept of "in pari delicto," in view of our determination that appellee, as a mentally capable and criminally responsible person illegally operating a motor vehicle, is not among the class of persons for whose benefit OCGA § 40-5-122 imposes a duty, the breach of which constitutes actionable negligence.

Finally, appellee argues that questions of fact exist whether appellant was negligent by failing to make appellee stop driving after appellee demonstrated her incompetence when she swerved slightly off then back onto the highway some 30 seconds before she crashed the automobile. However, since it is uncontroverted that appellee was the driver of the vehicle, it was appellee who had the last opportunity to avoid the effect of the alcohol, her own incompetence and any negligence on appellant's part by ceasing to operate the automobile she was in control of prior to the crash. See *Sutter*, supra. Thus, notwithstanding any negligence in appellant's failure to seize control of the car while seated in the rear in an apparently intoxicated state, appellee as the driver cannot recover for her injuries from appellant. OCGA § 51-11-7.

No genuine issues of material fact appearing of record, appellant was entitled to judgment as a matter of law and the trial court erred by denying his motion for summary judgment.

*Judgment reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED DECEMBER 4, 1987.

*David R. Smith*, for appellant.
*Charles R. Ashman, James B. Ashby*, for appellee.