A93A0891. RIDGEWAY et al. v. WHISMAN et al.

(435 SE2d 624)

ANDREWS, Judge.

The natural parents of Linda Whisman sued Victoria Ridgeway for the wrongful death of their daughter, Linda, who was killed in an automobile accident while driving Ridgeway's car.[1] The trial court denied Ridgeway's motion for summary judgment, and we granted her application for this interlocutory appeal.

At about 2:00 a.m. on the day prior to the fatal accident, the decedent, Whisman, age 22, and Ridgeway began consuming beer and other alcoholic beverages. They each consumed six or seven beers at Whisman's residence prior to being driven by a friend to a bar at about 7:00 p.m., where they continued to drink, and Whisman consumed more beer and some mixed drinks. They left the bar together at about 2:00 a.m., and the same friend drove them back to Whisman's residence, at which time Whisman became upset because her fiancé was not there. At about 3:00 or 4:00 a.m. Whisman, who had the keys to Ridgeway's car from having driven it earlier the previous day, stated she was going, with or without Ridgeway, to look for her fiancé. Ridgeway testified on deposition that, because of the alcohol they had consumed, neither she nor Whisman was in any condition to drive an automobile. After Ridgeway unsuccessfully attempted to dissuade Whisman, she nevertheless allowed Whisman to drive her car, and accompanied her as a passenger. At about 4:40 a.m., evidence shows Whisman lost control of the car, as the result of her own driving, or the negligence of an alleged "John Doe" driver of another car, or both, and drove off the road. In the ensuing crash, Whisman died, and Ridgeway was injured.

The action against Ridgeway is based on the theory that Ridgeway negligently entrusted her automobile to Whisman, who she knew to be intoxicated, and that Ridgeway's negligence in so doing was a proximate cause of Whisman's death. It is well settled that one who negligently entrusts an automobile to a noticeably intoxicated driver, may be held liable for injuries to third parties caused by the intoxicated driver's negligent operation of the automobile. "[A] person who entrusts a motor vehicle to an incompetent driver who is likely to cause injury to others through its use is liable for any damages resulting therefrom, and this principle has generally been applied to cases where one entrusts a vehicle to another who he knows, or should know, is intoxicated. . . ." *Jones v. Cloud*, 119 Ga. App. 697, 699 (168 SE2d 598) (1969); *Crisp v. Wright*, 56 Ga. App. 338, 341 (192 SE 390) (1937). We are not, however, aware of any Georgia cases where one

---

[1] The Whismans also sued a "John Doe" driver of another vehicle they claim caused the accident. Liability in that cause of action is not at issue here.

who negligently entrusts an automobile to a voluntarily intoxicated person has been held liable for injuries to the entrustee resulting from the entrustee's negligent operation of the automobile.

The conduct of one who voluntarily becomes intoxicated is measured by the same standards as those applicable to a sober person. *Shuman v. Mashburn*, 137 Ga. App. 231, 233-234 (223 SE2d 268) (1976). Thus, for purposes of determining Whisman's negligence or contributory negligence in causing the fatal accident, any condition, disability or incompetence which was produced by her voluntary intoxication may be disregarded, and her operation of the vehicle judged as if she was in possession of her normal mental and physical capacities. Id. Contributory negligence, which acts as a bar to a plaintiff's right of recovery, is comprised of two distinct defenses: (1) at all times a plaintiff must use ordinary care for his own safety, and must not, by his own negligence, be the sole proximate cause of his own injuries, and (2) a plaintiff must use ordinary care to avoid the defendant's negligence when such negligence is apparent or should in the exercise of ordinary care be apparent to him. *Whatley v. Henry*, 65 Ga. App. 668, 674 (16 SE2d 214) (1941). The liability of the owner in a negligent entrustment action does not result from imputing the negligence of the incompetent driver to the owner, rather "[n]egligent entrustment of a motor vehicle to an incompetent driver is an independent wrongful act of the vehicle's owner which is a concurrent, proximate cause of injury when it combines with the negligence of the operator." Adams & Adams, Ga. Law of Torts, § 12-5 (1989); *McKinney v. Burke*, 108 Ga. App. 501, 504 (133 SE2d 383) (1963). Accordingly, where the contributory negligence of the entrustee is the sole proximate cause of the plaintiff's injury, the plaintiff is barred from recovery against the negligent entrustor because the entrustor's independent negligence is not the proximate cause or concurrent proximate cause of the plaintiff's injury. *Saunders v. Vikers*, 116 Ga. App. 733, 735 (158 SE2d 324) (1967); compare Restatement of Law, Torts 2d, § 390, comment c.

Except in plain and indisputable cases, questions of negligence, diligence, contributory negligence and proximate cause are jury questions. *Taylor v. McClendon*, 205 Ga. App. 390, 391 (422 SE2d 440) (1992). This is such a plain and indisputable case. For purposes of determining whether Whisman was contributorily negligent in her operation of the automobile, we disregard any diminished mental or physical capacity produced by her voluntary intoxication,[2] and hold her to the same standards applicable to a sober driver. Applying these

---

[2] Although there is some evidence that Whisman was also upset and had not slept when she drove the car, we find no evidence that these conditions, apart from her voluntary intoxication, would support the cause of action for negligent entrustment.

standards, we find as a matter of law that either Whisman's negligent operation of the automobile, or the negligent driving of the "John Doe" driver who allegedly forced Whisman off the road, or the concurrent negligence of both, was the proximate cause of Whisman's death.[3] In other words, any negligence of Ridgeway in entrusting her car to Whisman while she was intoxicated was neither the sole proximate cause nor a concurrent proximate cause of the accident which caused Whisman's death. Moreover, this ruling is consistent with the principle applied in other cases that a noticeably intoxicated driver has no right of recovery against the provider of the alcohol. "Although the provider owes a duty not to provide alcohol to a driver who is noticeably intoxicated, the driver also owes a duty to exercise ordinary care for his own safety. As between provider and consumer, the consumer has the last opportunity to avoid the effect of the alcohol, by not drinking or not driving, and thus as between the two, the negligence of the consumer is the greater. Hence, notwithstanding the fact that the provider as well as the consumer should foresee the possibility of injury to the consumer, the consumer cannot recover for his injuries from the provider." *Sutter v. Hutchings*, 254 Ga. 194, 198, n. 7 (327 SE2d 716) (1985) (citations and punctuation omitted); *Spivey v. Sellers*, 185 Ga. App. 241, 242 (363 SE2d 856) (1987).

Since any negligence of Ridgeway was not the proximate cause or concurrent proximate cause of Whisman's death, recovery on the negligent entrustment action is barred, and the trial court erred by denying Ridgeway's motion for summary judgment.

*Judgment reversed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 3, 1993.

*Downey, Cleveland, Parker, Williams & Davis, Y. Kevin Williams, Rodney S. Shockley*, for appellants.

*Greer, Klosik & Daugherty, Richard G. Greer, Robert F. Webb, Kris K. Skaar*, for appellees.

---

[3] We render no opinion as to proximate cause in the separate cause of action by Whisman's parents against the "John Doe" driver who they claim forced Whisman off the road, causing the fatal accident.