A10A1680, A10A1683. BARNETT v. FARMER et al.;
and vice versa.
(707 SE2d 570)

DOYLE, Judge.

Following a motor vehicle collision, Willie Farmer and Shirley Farmer sued Madison Childs Barnett for personal injuries and loss of consortium. A Bibb County jury awarded $171,063.29 to Willie and $340,702.01 to Shirley; the jury did not award either plaintiff damages for loss of consortium. Barnett appeals in Case No. A10A1680, arguing that the trial court erred by (1) excusing a juror for cause during the trial; (2) improperly charging the jury; (3) admitting improper character evidence; (4) denying Barnett's motion for directed verdict as to Willie's claim for damages for future surgery; and (5) admitting a particular exhibit without the proper foundation. The Farmers appeal in Case No. A10A1683, arguing that the trial court erred by denying their motion to excuse a juror and that the verdict awarding nothing to them on their claims for loss of consortium was contrary to the evidence. For the reasons that follow, we reverse.

Viewed in favor of the verdict,[1] the evidence shows that on June 11, 2006, Barnett's vehicle collided with the Farmers' vehicle at an intersection in Bibb County.[2] Both the Farmers and Barnett claimed that the traffic light was green in their respective direction as they proceeded through the intersection. The Farmers, who were injured, brought a negligence action against Barnett, and a Bibb County jury awarded monetary damages to the Farmers on each of their claims, excluding loss of consortium, and the trial court entered a judgment in accord with the verdict. These appeals followed.

*Case No. A10A1680*

1. Barnett contends that the trial court erred by admitting improper character evidence. We agree.

During the plaintiffs' case-in-chief, before the Farmers called their pastor to the stand, Barnett moved to exclude the testimony of

---

[1] See *Ahmed v. Clark*, 301 Ga. App. 426, 427 (688 SE2d 361) (2009).
[2] Willie was driving the Farmers' vehicle.

the pastor regarding the Farmers' "veracity or truthfulness or character." After hearing argument from counsel, the trial court ruled that it would allow the pastor to testify about his understanding of the Farmers' injuries, as well as "their general reputation in the neighborhood for truthfulness or untruthfulness, and what is that general reputation. And then would you believe this person under oath." The court prohibited, however, any testimony from the pastor regarding specific instances of the Farmers' good character and truthfulness. The trial court explained that the basis for its ruling was the factual dispute between the parties and the implication from each side that the opposition was not being truthful.

During direct examination, counsel for the Farmers asked the pastor whether he was familiar with the Farmers' "general reputation in the community for truthfulness," and the pastor responded, "Their reputation in our church, as far as I know, is they always tell the truth. Best that I know." The pastor also testified that he would believe the Farmers under oath.

This testimony was inadmissible. In Georgia, "until the adverse party attacks the credibility of a witness, either for bad character or because of contradictory statements, the party calling him can not introduce evidence in support of his character for veracity."[3] OCGA § 24-9-84 (2) specifically provides that *"[e]vidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by reputation evidence or otherwise."*[4] Here, the Farmers' character for truthfulness had not been attacked — the pastor testified during the plaintiffs' case-in-chief, before any defense witnesses, including Barnett, had testified. And contrary to the trial court's ruling, the fact that Barnett and the Farmers each took the position that the light was green when they approached the intersection did not constitute an attack on the other's character for truthfulness sufficient to open the door for truthful character evidence.[5]

Pursuant to OCGA § 24-2-2, "[t]he general character of the parties and especially their conduct in other transactions are irrelevant matter unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct."

---

[3] (Punctuation omitted.) *Guest v. State*, 201 Ga. App. 506, 508 (2) (411 SE2d 364) (1991). See also *Miller v. Western &c. R. Co.*, 93 Ga. 480, 481 (21 SE 52) (1893).

[4] (Emphasis supplied.)

[5] See *Miller*, 93 Ga. at 401; Milich, Georgia Rules of Evidence (2nd Ed.), § 14:6, p. 263 ("The fact that the opponent contradicts the witness's version of the facts is not necessarily the kind of impeachment that opens the door to rehabilitation of the witness's credibility. If the contradiction suggests nothing more than that the witness may be honestly mistaken in his perceptions or opinions, the door has not been opened for witness rehabilitation as to general credibility. . . .").

The Farmers' claims did not involve the general character of the parties. As we have previously noted, "[i]n actions arising out of automobile collisions, the issue is the negligence or non-negligence of the operator at the time and place of the event, and each such transaction is to be ascertained by its own circumstances and not by the reputation or character of the parties."[6]

Thus, we hold that the trial court erred by admitting the testimony of the pastor regarding the Farmers' reputation for truthfulness and that he would believe them under oath. And we cannot say that this error was harmless because the jury's verdict was based in large part upon its determinations regarding the parties' credibility.

2. Barnett also contends that the trial court erred by declining to charge the jury pursuant to OCGA § 51-12-33, which, as modified by the Tort Reform Act of 2005, requires apportionment of damages in certain tort actions.[7] We agree.

Immediately before closing arguments, Barnett requested that the trial court give an apportionment charge regarding Shirley's claims,[8] and the trial court agreed to consider a relevant written request to the jury. Following closing argument, Barnett provided the trial court with the following written request to charge:

> In the case of Shirley Farmer, if you find that the defendant was negligent so as to be liable to the plaintiff Shirley Farmer and that the plaintiff Willie C. Farmer also was negligent, thereby contributing to the plaintiff Shirley Farmer's injury and damage, in such case you would be required to reduce the amount of damages otherwise awarded to plaintiff Shirley Farmer in proportion to the negligence of W. C. Farmer.

The trial court declined to give the requested charge on the grounds that it was not timely[9] and was not an accurate statement of the law.

---

[6] (Punctuation omitted.) *Grannemann v. Salley*, 95 Ga. App. 778, 779 (1) (99 SE2d 338) (1957).

[7] We address this enumeration because it is likely to recur on retrial.

[8] Barnett requested a jury charge on apportionment for both plaintiffs' claims, but the trial court denied the request. The trial court did, however, instruct the jury on the legal principles of comparative negligence and specifically charged that the jury should reduce Willie's damages "in proportion to his negligence," if any. On appeal, Barnett concedes "that the trial court gave the proper charge with regard to Mr. Farmer's damages." Thus, Barnett's argument and our analysis regarding apportionment are limited to Shirley's claims.

[9] Pursuant to Uniform Superior Court Rule 10.3, parties must submit requests to charge to the trial court "at the commencement of trial, unless otherwise provided by pre-trial order; provided, however, that additional requests may be submitted to cover unanticipated points which arise thereafter." Because neither party argues the timeliness of Barnett's written

OCGA § 51-12-33 provides, in part:

(a) Where an action is brought against one or more persons for injury to person or property and the plaintiff is to some degree responsible for the injury or damages claimed, the trier of fact, in its determination of the total amount of damages to be awarded, if any, *shall determine the percentage of fault of the plaintiff and the judge shall reduce the amount of damages otherwise awarded to the plaintiff in proportion to his or her percentage of fault.*

(b) Where an action is brought against more than one person for injury to person or property, *the trier of fact,* in its determination of the total amount of damages to be awarded, if any, *shall* after a reduction of damages pursuant to subsection (a) of this Code section, if any, *apportion its award of damages among the persons who are liable according to the percentage of fault of each person.* Damages apportioned by the trier of fact as provided in this Code section shall be the liability of each person against whom they are awarded, shall not be a joint liability among the persons liable, and shall not be subject to any right of contribution.

(c) *In assessing percentages of fault, the trier of fact shall consider the fault of all persons or entities who contributed to the alleged injury or damages, regardless of whether the person or entity was, or could have been, named as a party to the suit.*[10]

. . .

Our role in construing legislation

is to ascertain the legislative intent and purpose in enacting the law, and then to give it that construction which will effectuate the legislative intent and purpose. In all interpretations of statutes, the courts shall look diligently for the intention of the General Assembly, keeping in view at all times the old law, the evil, and the remedy. The Supreme Court of Georgia has instructed that the best indicator of the General Assembly's intent is the statutory text it actually adopted and that as long as the statutory language is clear

---

request on appeal and because we only address issues likely to recur on retrial, we decline to further address the timeliness issue.
    [10] (Emphasis supplied.)

and does not lead to an unreasonable or absurd result, it is the sole evidence of the ultimate legislative intent.[11]

Applying these principles to OCGA § 51-12-33, we conclude that the jury in this case should have been instructed to apportion the award of damages to Shirley according to its determination of the percentage of fault of Barnett and her husband, if any. As we have recently held, the trier of fact is required to apportion an award of damages under OCGA § 51-12-33 even if the plaintiff bears no fault.[12] Here, because there was evidence from which the jury could have concluded that both Barnett and Willie were negligent,[13] and it is a reasonable conclusion based on the verdict that the jury apportioned Willie's award based on his own percentage of fault,[14] it would be contrary to the clear intent of the legislature to require Barnett to pay for the full amount of Shirley's damages for the same collision simply because she was a passenger in the car her husband was driving. Similarly, we reject the Farmers' argument that application of the apportionment to this case violates the interspousal tort immunity doctrine.[15] Our holding in no way *requires* Shirley to file suit against her husband, but instead, precludes her from recovering from Barnett that portion of her damages, if any, that a trier of fact concludes resulted from the negligence of her husband.

3. Barnett's remaining claims of error are based on the evidence admitted at trial, not likely to recur during the retrial of the case, or in light of our holding in Division 1, moot.

## Case No. A10A1683

4. The Farmers' enumerations are also not likely to recur during the retrial of the case, and therefore, we do not address them.

*Judgment reversed in both cases. Andrews, J., concurs. Ellington, C. J., concurs in judgment only.*

---

[11] (Punctuation and footnotes omitted.) *Cavalier Convenience v. Sarvis*, 305 Ga. App. 141, 142 (699 SE2d 104) (2010).

[12] See id. at 144 (1) (the plain language of OCGA § 51-12-33 (b) demonstrates "that the legislature did not intend for apportionment to be limited to those cases wherein the plaintiff was to some degree at fault"). See also *McReynolds v. Krebs*, 307 Ga. App. 330, 333 (1) (705 SE2d 214) (2010) ("under OCGA § 51-12-33, a trier of fact is required to apportion its award of damages among multiple defendants even when the plaintiff bears no fault").

[13] For example, there was evidence that Barnett had a green light when he approached the intersection and that Willie failed to look to his left toward oncoming traffic before he proceeded through the intersection.

[14] The jury awarded Willie less than the full amount of the damages he sought.

[15] "Under the common law doctrine of interspousal tort immunity (codified at OCGA § 19-3-8), actions between spouses for personal torts committed by one spouse against the other are barred, except where the traditional policy reasons for applying the doctrine are absent." *Bassett v. Harrington*, 247 Ga. App. 425 (543 SE2d 798) (2000).

DECIDED MARCH 10, 2011.

*Bullard, Garcia & Wangerin, Daniel Bullard IV, Kevin A. Wangerin, Erin S. Corbett,* for appellant.

*Adams & Adams, Charles R. Adams III, Katherine L. McArthur,* for appellees.