## A11A1855. HOOK v. HARMON et al.
(727 SE2d 143)

ADAMS, Judge.

We granted Thomas Hook's application for interlocutory appeal in order to review the trial court's denial of his motion for summary judgment in this negligent entrustment action filed by Keith and Doreen Harmon. Because we conclude that Hook is entitled to judgment as a matter of law, we reverse the trial court's denial of Hook's motion.

The relevant facts show that Wade Harmon was the 18-year-old son of Keith and Doreen Harmon. On March 20, 2006, Hook and Wade Harmon were traveling together from Florida back home to North Carolina on I-95 in a car owned by Hook's father. Wade Harmon was driving the car at Hook's request, even though Hook knew that Harmon's license had been suspended.[1] Hook said he asked Wade Harmon to drive because Hook was sleep-deprived, and he wanted to get back to North Carolina that night.

While traveling through McIntosh County, Georgia, Wade Harmon lost control of the vehicle, ran off the west shoulder of the interstate, crossed the center median into oncoming traffic, and struck a tractor-trailer in the rear wheels. Harmon was killed in the collision, and Hook was seriously injured. The Georgia state trooper who investigated the accident concluded that the collision was the result of Wade Harmon's actions. Keith and Doreen Harmon filed suit against Hook for wrongful death,[2] claiming that Hook was negligent in entrusting the car to their son in light of his driving record and suspended license. Hook moved for summary judgment, arguing that Wade Harmon's negligence was the sole proximate cause of his

---

[1] Although a factual dispute exists as to whether Hook actually knew Wade Harmon's license had been suspended, for purposes of summary judgment we must assume that he did. Although a factual dispute also exists as to whether Hook was aware of Wade Harmon's driving record or the extent of any prior drug or alcohol use, we will assume on motion for summary judgment that he was aware of these facts.

[2] The Harmons also sued Hook's father, but the trial court granted the father's motion for summary judgment.

injuries, which precluded recovery for negligent entrustment. The trial court denied the motion, and this appeal followed.

"Liability for negligent entrustment is predicated upon a negligent act of the owner in lending his automobile to another to drive, with actual knowledge that the driver is incompetent or habitually reckless." (Citation and punctuation omitted.) *Hicks v. Heard*, 297 Ga. App. 689, 691 (2) (678 SE2d 145) (2009). Thus, liability under this theory "is predicated not on the doctrine of respondeat superior but on a negligent act of the owner in lending his automobile to another to drive, with actual knowledge that the driver is incompetent or habitually reckless. . . ." (Citations omitted.) *Saunders v. Vikers*, 116 Ga. App. 733, 735 (5) (158 SE2d 324) (1967). Liability also requires proof that the entrustor's negligence is a concurring proximate cause of the accident, along with any negligence by the entrustee arising from incompetency or recklessness. Id. But where the injured party is the entrustee, his own contributory negligence[3] generally will bar him from recovery against the negligent entrustor. *Ridgeway v. Whisman*, 210 Ga. App. 169, 170 (435 SE2d 624) (1993).

In *Ridgeway v. Whisman*, for example, this Court found that an entrustee's own negligence barred her parents' wrongful death claim based on a theory of negligent entrustment. Id. at 170-171. In that case, Ridgeway entrusted her car to Whisman knowing that Whisman was not "in any condition to drive an automobile" because she had been drinking. Id. at 169. Whisman lost control of the car, and as the result of her own driving, or the negligence of a third-party driver, or both, drove off the road. Whisman was killed, and Ridgeway, who was a passenger in the car, was injured. Id. This Court found, as a matter of law, that Whisman's negligence, either solely or in concurrence with the negligence of the unidentified third party, caused the accident and "any negligence of Ridgeway in entrusting her car to Whisman while she was intoxicated was neither the sole proximate cause nor a concurrent proximate cause of the accident which caused Whisman's death." Id. at 171. Accordingly, we reversed the denial of Ridgeway's motion for summary judgment. Id.

And in *Spivey v. Sellers*, 185 Ga. App. 241 (363 SE2d 856) (1987), Spivey, an adult, allowed Sellers an unlicensed minor of 15 years of

---

[3] This contributory negligence,
which acts as a bar to a plaintiff's right of recovery, is comprised of two distinct defenses: (1) at all times a plaintiff must use ordinary care for his own safety, and must not, by his own negligence, be the sole proximate cause of his own injuries, and (2) a plaintiff must use ordinary care to avoid the defendant's negligence when such negligence is apparent or should in the exercise of ordinary care be apparent to him. (Citation omitted.) Id. at 170.

age, who had been drinking, to drive his father's car. Sellers crashed and was injured. Id. The Court held that even assuming that Spivey had knowingly violated Georgia statutory law[4] in allowing Sellers to drive, such a violation did not entitle Sellers to recover because she herself had violated the law

> by operating a motor vehicle without a license, thereby creating the hazard her own driving posed. . . . [A]s a mentally capable and criminally responsible person illegally operating a motor vehicle, [Sellers] is not among the class of persons for whose benefit [the statute] imposes a duty, the breach of which constitutes actionable negligence.

Id. at 245. The Court also rejected Sellers' argument that Spivey, who was seated in the back seat of the car, had a duty to stop Sellers from driving once he observed her swerve slightly just before the crash. "[I]t was [Sellers] who had the last opportunity to avoid the effect of the alcohol, her own incompetence and any negligence on [Spivey's] part by ceasing to operate the automobile she was in control of prior to the crash." Id.[5]

The only evidence of the accident in this case comes from the Georgia state trooper who investigated it, as Hook was asleep at the time. The trooper stated that Wade Harmon lost control of the car and concluded that the collision occurred as the result of Wade Harmon's own actions. The Harmons presented no evidence to counter the trooper's version of events. Therefore, even assuming that Hook was aware of Wade Harmon's past driving history and the suspension of his license, we conclude as a matter of law that Wade Harmon's own negligence was the sole proximate cause of his death. Wade Harmon stepped behind the wheel of Hook's car with full knowledge of his own driving record and his suspended license, and his actions were the sole proximate cause of the fatal crash.[6] It was incumbent upon Wade

---

[4] See OCGA § 40-5-122 ("No person shall knowingly authorize or permit a motor vehicle owned by him or under his control to be driven upon any highway by any person who is not authorized under this chapter or who is not licensed for the type or class of vehicles to be driven or in violation of any of the provisions of this chapter.").

[5] The fact that the drivers in the *Ridgeway* and *Spivey* cases were intoxicated does not affect the application of those cases here. As the *Ridgeway* court noted, for purposes of determining negligence or contributory negligence, "any condition, disability or incompetence which was produced by . . . voluntary intoxication may be disregarded, and [the] operation of the vehicle judged as if [the driver] was in possession of her normal mental and physical capacities." *Ridgeway v. Whisman*, 210 Ga. App. at 170. See also *Spivey v. Sellers*, 185 Ga. App. at 243-244 (court did not consider intoxication in addressing negligence issues).

[6] Hook would also be entitled to summary judgment under the doctrine of assumption of risk:

Harmon to exercise ordinary care for his own safety, and he had the last opportunity to avoid any negligence on Hook's part by refusing to drive.

Although the Harmons contend that Hook's negligent entrustment was a concurrent, proximate cause of the accident, they point to no evidence supporting such an assertion. Rather, in making this argument, the Harmons seem to suggest that their adult son was somehow incompetent to a degree that he could not be held responsible for his actions in driving or his own decision to get behind the wheel of the car. No evidence exists, however, that Wade Harmon had been declared incompetent or that he was impaired in any way. Nor does the record contain any evidence to support the Harmons' assertions that Wade Harmon was forced or pressured by Hook to drive. Hook testified that he asked or directed Wade to drive because he had not slept. But no evidence exists to suggest that Wade Harmon, who was an adult, could not have refused Hook's request or direction. Moreover, there was evidence that Wade Harmon had driven on several other occasions since losing his license including on a prior trip to Florida and at his job; one witness even testified that Appellee Keith Harmon "had Wade working driving . . . every week to Hilton Head with no license." Any additional theories proffered by the Harmons as to any force or criminal action on the part of Hook with regard to the accident are unsupported by any facts appearing in the record and thus are mere speculation. And it is well settled that "[s]ummary judgment cannot be avoided based on speculation or conjecture." (Citation omitted.) *Cowart v. Widener*, 287 Ga. 622, 633 (3) (c) (697 SE2d 779) (2010).

Accordingly, we find that the Harmons' wrongful death suit is barred as a matter of law, and the trial court erred in denying Hook's motion for summary judgment. See, e.g., *Cummings v. Grubb*, 184 Ga. App. 872, 874-875 (363 SE2d 167) (1987) (where child's negligence is the sole proximate cause of injury, parents cannot recover for wrongful death as a matter of law).

*Judgment reversed. Blackwell, J., concurs. Barnes, P. J., concurs specially.*

---

Assumption of risk is a matter of knowledge of the danger and intelligent acquiescence in it, while lack of ordinary care for one's own safety, or contributory negligence, is a matter of some fault or departure from the standard of reasonable conduct. The two may coexist, or either may exist without the other. The difference is frequently one between risks which were in fact known to the plaintiff or so obvious that he must be taken to have known of them, and risks which he merely might have discovered by the exercise of ordinary care.

(Citations and punctuation omitted.) *Wright v. The Concrete Co.*, 107 Ga. App. 190, 194 (2) (a) (129 SE2d 351) (1962).

BARNES, Presiding Judge, concurring specially.

While I agree with the outcome in this case, I do not agree with all that is said, and therefore I specially concur in the majority opinion.[7] In this case, even if an issue of fact exists about whether Hook negligently entrusted his truck to the Harmons' 18-year-old son, no evidence relates that negligent entrustment to the single-car wreck in which the son died and Hook was badly injured. There is no evidence that the son had been speeding or acting recklessly, which were some of the reasons his parents gave for asking Hook and his landlord not to allow their son to drive and for directing that all decisions regarding the son were to go up a "chain of command," secretly headed by the father.

I specially concur because under our tort jurisprudence, there may be situations in which an entrustee may sue his entrustor for negligent entrustment, despite considerations of assumption of risk, proximate cause, and contributory negligence. I agree that this is not one of those cases, and therefore, I specially concur in the majority opinion.

DECIDED MARCH 29, 2012.

*Brennan, Searcy & Smith, Mark H. Glidewell*, for appellant.
*Weinstock & Scavo, Jan P. Cohen, Matthew W. Carlton*, for appellees.

---

[7] Because I do not agree with all that is said, this opinion is physical precedent only. Court of Appeals Rule 33 (a).