**WHOLE COURT**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

July 16, 2014

# In the Court of Appeals of Georgia

A14A0113. ZALDIVAR v. PRICKETT et al.

BARNES, Presiding Judge.

This appeal addresses the question whether, pursuant to OCGA § 51-12-33 (c) of Georgia's apportionment statute, a defendant may ask a jury to determine that a non-party plaintiff's employer shares a percentage of the fault for the plaintiff's injuries because the employer negligently entrusted the plaintiff with one of its vehicles. Granting partial summary judgment to the plaintiff, the trial court answered this question in the negative. Because under the facts of this case the actions of the plaintiff's employer did not "contribute" to the plaintiff's alleged injury or damages, OCGA § 51-12-33 (c) is not applicable, and we therefore affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant. *Home Builders Assn. of Savannah v. Chatham County*, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003).

The record reflects that on October 9, 2009, Daniel Prickett and Imelda Zaldivar collided at an intersection controlled by a traffic light. Both Prickett and Zaldivar were injured, and Zaldivar was taken from the scene to a hospital in an ambulance. Prickett sued Zaldivar on September 13, 2011, seeking to recover for personal injuries,[1] and she was served on September 22, 2011. On October 21, 2011, Zaldivar filed an answer to Prickett's complaint, claiming as affirmative defenses that the complaint failed to state a claim for relief; process and service of process was insufficient; jurisdiction was improper; venue was improper; and the action was barred by the statute of limitation. Zaldivar did not file a counterclaim against Prickett, despite having been injured in the collision.

In discovery, Prickett claimed he was clearing the intersection by turning left after the light turned red; Zaldivar claimed that Prickett turned left in front of her as she entered the intersection on a yellow light. The evidence is undisputed that Prickett was driving a company car on his way to a sales call.

---

[1] Prickett's wife, Mary Prickett, sued for loss of consortium. For ease of reference, we will refer to the plaintiffs throughout this opinion as "Prickett."

2

Zaldivar filed a "Notice of Fault of Non-Party" pursuant to OCGA § 51-12-33 (d) (1),[2] asserting that Prickett's employer, Overhead Door Company, was wholly or partially at fault by negligently entrusting the vehicle to Prickett despite having received three anonymous calls from people complaining about how Prickett had been driving. Based on this reasoning, Zaldivar requested that, in accordance with OCGA § 51-12-33 (c), the trier of fact be permitted to consider the fault of Overhead Door when assessing percentages of fault for the accident that caused Prickett's injuries.

Prickett moved for partial summary judgment on Zaldivar's affirmative defense of non-party fault, which the trial court granted. The trial court held,

> Overhead Door cannot be liable to Mr. Prickett for injuries he sustained that may have been caused by the negligence of [Zaldivar] or Mr. Prickett's own negligence, as Overhead Door was not in breach of any legal duty owed to Mr. Prickett, nor was it the proximate cause of his injuries under the facts of this case.

---

[2] "Negligence or fault of a nonparty shall be considered if the plaintiff entered into a settlement agreement with the nonparty or if a defending party gives notice not later than 120 days prior to the date of trial that a nonparty was wholly or partially at fault." OCGA § 51-12-33 (d) (1).

Accordingly, the trial court concluded that Zaldivar would not be permitted to have the jury consider the alleged fault of Overhead Door when assessing fault for the accident that caused Prickett's injuries under OCGA § 51-12-33 (c).

Zaldivar now appeals the trial court's ruling, contending that OCGA § 51-12-33 (c) would authorize a jury to assess a percentage of fault against Overhead Door for the accident based on a negligent entrustment theory. We are unpersuaded.

"When interpreting a statute, we are required to consider the statute as a whole and look for the intent of the legislature. When a statute contains clear and unambiguous language, such language will be given its plain meaning and will be applied accordingly." (Citation omitted.) *Marino v. Clary Lakes Homeowners Assn.*, 322 Ga. App. 839, 844 (2) (747 SE2d 31) (2013). With these principles in mind, we turn to the language of Georgia's apportionment statute, OCGA § 51-12-33.

Subsection (a) of the apportionment statute provides that the plaintiff's damages shall be reduced according to his or her own percentage of fault for the injury or damages he or she sustained:

> Where an action is brought against one or more persons for injury to person or property and the plaintiff is to some degree responsible for the injury or damages claimed, the trier of fact, in its determination of the total amount of damages to be awarded, if any, shall determine the

4

percentage of fault of the plaintiff and the judge shall reduce the amount of damages otherwise awarded to the plaintiff in proportion to his or her percentage of fault.

OCGA § 51-12-33 (a). In turn, subsection (c) allows a defendant to ask a jury to determine whether some other person or entity shared fault for the plaintiff's injuries even though that other person or entity is not a named party. OCGA § 51-12-33 (c). Specifically, that subsection provides: "In assessing percentages of fault, the trier of fact shall consider the fault of all persons or entities *who contributed to the alleged injury or damages*, regardless of whether the person or entity was, or could have been, named as a party to the suit." (Emphasis supplied.) OCGA § 51-12-33 (c).

Based on the plain language of the apportionment statute, "fault" cannot be assessed to a non-party under OCGA § 51-12-33 (c) unless he or she "contributed" to the plaintiff's alleged injury or damages. Even if the facts supported Zaldivar's theory that Overhead Door negligently entrusted its truck to Prickett, the question is whether the negligent entrustment *contributed to* Prickett's alleged injury or damages. Applying basic principles of tort law, the answer is no.

A non-party's negligent act cannot be said to have "contributed" to a plaintiff's injury or damages unless there is a causal connection between them. See Black's Law

5

Dictionary (6th ed.1990) (noting that the term "contribute" when "applied to negligence signifies [the] causal connection between [the] injury and [the] negligence . . . ."). See also Merriam–Webster's Online Dictionary, http://www.merriam-webster.com/dictionary/contribute (defining "contribute" as "to help to cause something to happen"). In the context of negligent entrustment as alleged in this case, however, that causal connection has been broken because the act of entrusting the truck to Prickett did not contribute to his injuries.

"Liability for negligent entrustment is predicated upon a negligent act of the owner in lending his automobile to another to drive, with actual knowledge that the driver is incompetent or habitually reckless." (Citation and punctuation omitted.) *Hicks v. Heard*, 297 Ga. App. 689, 691 (2) (678 SE2d 145) (2009). Generally, however, negligent entrustment claims brought by or on behalf of an injured driver against the person who supplied that driver with a vehicle are disallowed, because the driver's own negligence breaks the causal connection between the entrustor's negligent act and the driver's injury. See, e.g., *Ridgeway v. Whisman*, 210 Ga. App. 169, 170 (435 SE2d 624) (1993).

Thus, under these peculiar facts, despite the defendant's creative argument to the contrary, even if Prickett himself were determined to be negligent and partially

6

responsible for his own injuries, his own negligence would break the causal connection between any negligent act of his employer Overhead Door in entrusting a vehicle to him and the injury that Prickett sustained. As such, any negligence by Overhead Door in entrusting the vehicle to Picket cannot be said to have "contributed" to his injuries or damages, and thus OCGA § 51-12-33 (c) simply has no application.

In reaching this conclusion, we note that Zaldivar's reliance on the Supreme Court's analysis of "fault" in *Couch v. Red Roof Inns*, 291 Ga. 359, 359-366 (1) (729 SE2d 378) (2012), is misplaced. In that case, the Supreme Court addressed whether OCGA § 51-12-33 applies to non-party tortfeasors whose conduct was intentional rather than negligent, and in that context the Court considered liability and responsibility to conclude that "fault," as used in the apportionment statute, included intentional conduct. *Couch*, 291 Ga. at 363 (1). The Supreme Court's definition of "fault" should not be read more broadly than that.

Furthermore, the Supreme Court pointed out in *Couch*, 291 Ga. at 364 (1), "that statutes [such as OCGA § 51-12-33 that are] in derogation of the common law must be limited strictly to the meaning of the language employed, and not extended beyond the plain and explicit terms of the statute." (Citation and punctuation omitted.) The

7

Supreme Court went on to conclude that the inclusion of intentional torts within the meaning of "fault" required "no extension beyond [the] 'plain and explicit terms'" of OCGA § 51-12-33. Id. In contrast to the situation in *Couch*, inclusion of a plaintiff's employer as a nonparty against whom fault could be assessed under the theory of negligent entrustment would be an extension beyond the plain and explicit terms of OCGA § 51-12-33 (c), which expressly applies only to those who "contributed" to the plaintiff's alleged injury or damages.

For these combined reasons, we conclude that OCGA § 51-12-33 (c) does not permit the defendant in a motor vehicle personal injury case to include the plaintiff's employer as a non-party against whom fault can be assessed under the theory of negligent entrustment. The trial court therefore did not err in granting partial summary judgment to Prickett on this issue.

*Judgment affirmed. Ellington, P. J., Doyle, P. J., Miller, J., and Boggs, J., concur. Dillard, J., concurs in judgment only. Branch, J., dissents.*

8

A14A0113. ZALDIVAR v. PRICKETT et al.


BRANCH, Judge, dissenting.

If Imelda Zaldivar had sued Prickett for her own injuries that resulted from the accident, she would be authorized under Georgia law to name Overhead Door as a defendant and recover damages from Overhead Door if she could prove her claim that Overhead Door knowingly entrusted a truck to a reckless driver, i.e., Prickett, and that Overhead Door's negligence combined with Prickett's negligence resulting from his recklessness. See, e.g., *Dougherty Equip. Co. v. Roper*, _ Ga. App. _ (2) (757 SE2d 885) (2014). And if Zaldivar had filed suit but only named Prickett as a defendant, Prickett could name Overhead Door – his own employer – as a non-party under the Georgia apportionment statute, and try to reduce his own liability for Zaldivar's damages by attempting to assign a percentage of fault for Zaldivar's injuries to Overhead Door by claiming that his own employer negligently entrusted him with the truck. Yet even though Prickett's injuries resulted from the same accident, the majority holds that because Prickett is the plaintiff, Zaldivar is prohibited from making the same assertion that Overhead Door was at least partially responsible for the accident that caused Prickett's injuries. To reach this result, the majority reads out of the Georgia apportionment statute, the "ordinary and everyday meaning" of "fault"

used in that statute, which the Supreme Court has explained, is how the term should be construed. For these reasons, I respectfully dissent.

Under OCGA § 51-12-33, the trier of fact in this case will be required to determine the percentage of "fault" of Prickett, Zaldivar and any non-party who could be deemed at least partially "at fault" for Prickett's injuries. Specifically, under subsection (a), the trier of fact is required to "determine the percentage of fault of the plaintiff." And subsection (c) provides that, "[i]n assessing percentages of fault," the trier of fact is required to consider "the fault of all persons or entities who contributed to the alleged injury or damages[.]" These determinations necessarily will impact Zaldivar's own percentage of fault. The critical issue in this case is whether Overhead Door can be considered a person whose "fault" "contributed to [Prickett's] alleged injury," such that the trier of fact should consider that fault when determining Prickett's own percentage of fault as well as Zaldivar's.

First, it is important to note that any determination of whether Overhead Door can be assessed a percentage of fault has nothing to do with assigning liability to Overhead Door for Prickett's injuries. Indeed, that would be expressly forbidden by the apportionment statute. Subsection (f) explains that "[a]ssessments of percentages of fault of nonparties shall be used *only* in the determination of the percentage of fault

2

of *named parties*." (Emphasis supplied). The subsection goes on to provide that "[w]here fault is assessed against nonparties pursuant to this Code section, findings of fault shall *not* subject any nonparty to liability in any action or be introduced as evidence of liability in any action." (Emphasis supplied). Thus the legislature has specifically insulated non-parties who are "assessed a percentage of fault" from having that assessment used against them in any way. The legislature also has also provided that a nonparty can be assessed a percentage of fault "regardless of whether the person or entity was, or could have been, named as a party to the suit." OCGA § 51-12-33 (c). These provisions show that the plain language of the statute does not equate the concept of "fault," as that term is used in the apportionment statute, with tort liability.

The Georgia Supreme Court's construction of the term "fault" as used in the statute supports this conclusion. See *Couch v. Red Roof Inns*, 291 Ga. 359 (1) (729 SE2d 378) (2012). In *Couch*, the Supreme Court examined the meaning of the term "fault" as found in OCGA § 51-12-33 as a part of determining, in a premises liability action with one defendant, that the jury should be allowed to consider the fault of a

3

nonparty criminal assailant and to "apportion"[1] its award of damages between the property owner and the criminal assailant. The court reasoned that "since 'fault' is not a term of art, but a word of general use, it is to be given its ordinary and everyday meaning,'" the meaning is "broad," and "includes 'conduct done wrongly *or* negligently.'" Id. at 361, 362 (1) (emphasis supplied). Thus "fault is not meant to be synonymous with negligence, but instead includes other types of wrongdoing." Id. Thus, both *Couch* and the plain meaning of OCA § 51-12-33 support the conclusion that the statute considers two fundamentally different concepts: percentages of fault, in its general sense, for all who contributed to the plaintiff's injuries; and legal liability for named parties.

Following the language of the apportionment statute and the reasoning of the Supreme Court, I would conclude that in addition to the concept of legal liability, the "fault" that is to be considered by the trier of fact when assessing percentages of fault under the apportionment statute is sufficiently broad to include the degree to which

---

[1] Because the criminal assailant was not a named party to the action, no literal "apportionment" of damages was authorized by subsection (b) of the statute; rather, the Supreme Court here appears to use the term "apportionment" broadly to refer to assessing the criminal assailant's percentage of fault.

Overhead Door can be said to have caused the accident that resulted in Prickett's injuries even though Overhead Door could have no liability to Prickett himself.

Under the tort of negligent entrustment, "a party is liable if he entrusts someone with an instrumentality, with actual knowledge that the person to whom he has entrusted the instrumentality is incompetent by reason of his age or inexperience, or his physical or mental condition, or his known habit of recklessness." *Gunn v. Booker*, 259 Ga. 343, 347 (3) (381 SE2d 286) (1989) (citations and footnote omitted). See also *Ridgeway v. Whisman*, 210 Ga. App. 169 (435 SE2d 624) (1993). Importantly, negligent entrustment is not a form of vicarious liability; rather, it is an independent wrongful act that can combine with the negligence of the entrustee:

> [t]he liability of the owner in a negligent entrustment action does not result from imputing the negligence of the incompetent driver to the owner[;] rather "negligent entrustment of a motor vehicle to an incompetent driver is an independent wrongful act of the vehicle's owner which is a concurrent, proximate cause of injury when it combines with the negligence of the operator."

*Ridgeway*, 210 Ga. App. at 170, quoting Adams & Adams, Ga. Law of Torts, § 12-5 (1989) (citation omitted). See also *Hook v. Harmon*, 315 Ga. App. 278, 279 (727 SE2d 143) (2012) ("Liability also requires proof that the entrustor's negligence is a

5

concurring proximate cause of the accident, along with any negligence by the entrustee arising from incompetency or recklessness.") (citation omitted). Thus, a party can be liable for negligent entrustment without an employer-employee relationship or within such a relationship where the employee is acting outside of the scope of his employment. See, e.g., *Roper*, _ Ga. App. _ (2) (757 SE2d 885) (negligent entrustment claim against employer allowed even though employee was acting outside of the scope of employment at the time of the accident).

Simply put, Overhead Door plainly has a duty not to negligently entrust others with its vehicles, and a violation of that duty can lead to accidents. The fact that an action by Prickett against Overhead Door might be barred by Prickett's own contributory negligence or another legal doctrine does not affect this conclusion.[2] It follows that if Overhead Door knew that Prickett was incompetent to drive yet entrusted a vehicle to him despite that knowledge, it could not be said that Overhead Door was without fault – under the ordinary and everyday meaning of that term as

---

[2] See generally *Hook*, 315 Ga. App. at 279 ("[W]here the injured party is the entrustee, his own contributory negligence generally will bar him from recovery against the negligent entrustor.") (citation and footnote omitted); *Ridgeway*, 210 Ga. App. at 170 (entrustee's contributory negligence, or an unnamed driver's negligence, or both, amounted to the sole proximate cause of the entrustee's injuries; therefore the entrustor could not be liable to the entrustee's parents for the entrustee's injures).

6

required by *Couch* – for causing the accident, even if Overhead Door could not be found liable to Prickett. Overhead Door's alleged negligent entrustment could be seen as a concurrent proximate cause of the accident even if Overhead Door could not be found liable directly to its employee. Accordingly, Overhead Door could be considered as bearing a percentage of "fault" for the accident that caused Prickett's injuries under OCGA § 51-12-33.

This conclusion is supported by *Barnett v. Farmer*, 308 Ga. App. 358, 362 (2) (707 SE2d 570) (2011) (physical precedent only), a suit with only one defendant, in which Mr. and Mrs. Farmer brought suit against Barnett, and both plaintiffs and defendant claimed the other ran a red light. Id. Barnett requested that the court charge the jury on apportionment of Mrs. Farmer's claims against him on the ground that Mr. Farmer, who was driving, was partially at fault for the accident and that he thereby contributed to his wife's injuries. Id. This Court concluded that the jury should have been instructed to apportion any award of damages to Mrs. Farmer according to a determination of the percentage of fault of Barnett and co-plaintiff Mr. Farmer, if any, despite the fact that Mr. Farmer would be protected from liability in a suit by Mrs. Farmer by the interspousal tort immunity doctrine. Id. This Court reasoned,

> "[I]t would be contrary to the clear intent of the legislature to require Barnett to pay for the full amount of Shirley's damages for the same collision simply because she was a passenger in the car her husband was driving. . . . Our holding in no way requires Shirley to file suit against her husband, but instead, precludes her from recovering from Barnett that portion of her damages, if any, that a trier of fact concludes resulted from the negligence of her husband.

Id. at 362 (2). This reasoning is persuasive. Here, even if Prickett has no claim against Overhead Door because of his own contributory negligence, Zaldivar should not be liable to Prickett for that portion of Prickett's damages that a trier of fact concludes resulted from Overhead Door's contribution to the cause of the accident.

The case of *Union Carbide Corp. v. Fields* is distinguishable at least in part because it was decided before *Couch* and it does not employ *Couch's* definition of "fault."[3] See *Union Carbide v. Fields*, 315 Ga. App. 554, 557 (1) (a) (726 SE2d 521) (2012) (trier of fact not authorized to apportion fault to nonparty that employed victim's father because in Georgia, "an employer owes no duty of care to a third-party, non-employee, who comes into contact with its employee's asbestos-tainted

---

[3] Furthermore, in *Union Carbide*, as a matter of Georgia law, the nonparty at issue (Georgia Pacific) owed no duty to any named party in the suit. Here, on the other hand, Overhead Door owed a duty to the public, which necessarily includes the defendant, not to negligently entrust vehicles to its employees.

work clothing at locations away from the workplace") (citation and punctuation omitted), reversed on separate grounds *Georgia-Pacific v. Fields*, 293 Ga. 499 (748 SE2d 407) (2013).

For the above reasons, I would hold that the trial court erred by dismissing Zaldivar's assertion of nonparty fault against Overhead Door.

9